MAHAFFY v. MAHAFFY.

1. **Estates of Decedents:** ALLOWANCE TO WIDOW: ANTE-NUPTIAL
CONTRACT. Where a woman entered into an ante-nuptial contract,
agreeing to accept from her husband's administrator a certain sum in
full payment, and in entire and complete satisfaction, of "all her rights
of dower and inheritance, as the widow and heir" of her husband in
his "estate, both real and personal," and renounced and relinquished
"all claim, right, title and interest *therein* by reason of said relation of
wife or widow," etc.; *held* that the word "therein" referred to *dower*
and *inheritance*, and not to *estate;* and that, since the allowance to a
widow under the statute is no part of her dower or inheritance, that
allowance was not cut off by the contract.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 17.

THE plaintiff is the widow of William Mahaffy, deceased.
As such, she made an application for an order of allowance,
under section 2375 of the Code. The defendant, Alexander
Mahaffy, as administrator of the estate, resisted the applica-
tion, setting up by way of answer that the plaintiff, previous
to her marriage with the decedent, entered into an ante-nuptial
contract whereby, in consideration of $600, to be paid her
out of the estate by the administrator thereof, she relinquished
and surrendered all claims against the estate, and was to re-
ceive the said sum as her sole portion and interest, which
sum with interest had been tendered to her. The answer
also set up that she was without children, and remained in
the possession and enjoyment of the homestead. The court
made an allowance of $300, and from the order the defendant
appeals.

*Hall & Huston* and *George Robertson*, for appellant.

*John T. Illick* and *J. C. Power*, for appellee.

ADAMS, J.—The defendant attached to his answer a copy

of the ante-nuptial contract. The precise language of the contract on the part of the plaintiff is as follows: "In contemplation of the marriage aforesaid, with its rights and responsibilities, and in consideration of the payment of the said sum of six hundred dollars, and six per cent interest thereon from the decease of the party of the first part until paid, I hereby agree and bind myself to receive and accept the said sum in full payment, and in entire and complete satisfaction, of all my rights of dower and inheritance as the widow and heir of the party of the first part in his said estate, both real and personal, and I hereby renounce and relinquish all claim, right, title and interest therein, by reason of the said relation of wife or widow of the said Mahaffy."

The court made a finding that the parties entered into the ante-nuptial agreement exhibited by the defendant, but held that it did not bar the widow of her allowance.

The plaintiff insists that any ante-nuptial agreement entered into for the purpose of barring a widow of her allowance is void, as against public policy. What the true rule is, where there are no children to be affected by such agreement, is a question which, to our mind, admits of some doubt. But we do not think that such question presents itself in this case. In our opinion, the contract does not purport to bar the widow's right to an allowance. What the plaintiff relinquished was her "rights of dower and inheritance." The allowance provided by statute for temporary support, where necessary, is no part of the widow's "dower and inheritance," but something entirely distinct. The defendant, however, insists that the contract provides for the relinquishment of more than the right of dower and inheritance. He relies upon that part which is embraced in the following words: "I hereby renounce and relinquish all claim, right, title and interest therein."

To this we have to say that, if the word "therein" refers to *estate*, then the contract would seem to mean what the defendant claims that it does. But in our opinion it refers to

*dower and inheritance.* She agrees in the first place to accept six hundred dollars in satisfaction of dower and inheritance, and adds a clause of relinquishment, as if to complete and render more certainly effective what was contemplated in the clause which preceded. If the parties had had in mind the subject of temporary allowance, it seems to us certain that it would have been specified in connection with what was specified. What the parties would have done, if they had had it in mind, it is not for us to say. We cannot go beyond what seems to us to be the contract. In our opinion, the court did not err in making the allowance.

AFFIRMED.