## BERTINA RASMUSSEN v. HAROLD LEROY STONE and William T. Souder.

### (152 N. W. 809.)

**Mortgage of homestead — married man — wife — executed and acknowledged by — must be.**

1. A mortgage on a homestead of a married man, in order to be valid must be both executed and acknowledged by the wife.

**Acknowledgment — grantor must appear before officer — admission of authenticity.**

2. To constitute an acknowledgment, the grantor must appear before the officer, and such grantor must in some manner, with a view to giving it authenticity, make an admission to such officer of the fact that he had executed such instrument.

**Execution of mortgage — evidence of.**

3. Evidence examined and *held* to be no such admission in the case at bar.

---

Note.—As to impeachment of certificate of acknowledgment, see note in 41 L.R.A. (N.S.) 1161.

**Wife — signature of — notes and mortgage.**

4. Evidence examined and alleged signatures of wife to notes and mortgage *held* not to be her signatures.

Opinion filed May 8, 1915.

Appeal from the District Court of Morton County, *Nuchols, J.*
Action to quiet title to land. Judgment for plaintiff. Defendants
appeal.

Affirmed.

*B. W. Shaw,* for appellant.

The certificate of a notary public imports verity, and where such
certificate is to an instrument affecting title to real property, the
necessity for rendering such title secure requires that the proof to
overthrow a certificate regular on its face must be so strong as to
exclude every reasonable doubt as to its falsity. 1 Cyc. 623, and cases
cited; Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573; 2 Jones,
Conv. § 1196; McCardia v. Billings, 10 N. D. 373, 88 Am. St. Rep.
729, 87 N. W. 1008; Northwestern Loan & Bk. Co. v. Jonasen, 11 S.
D. 566, 79 N. W. 842; Phillips v. Bishop, 35 Neb. 487, 53 N. W.
375; Young v. Duvall, 109 U. S. 573, 27 L. ed. 1036, 3 Sup. Ct.
Rep. 414; Englert v. Dale, 25 N. D. 587, 142 N. W. 169; Lennon
v. White, 61 Minn. 150, 63 N. W. 620; Jamison v. Jamison, 3 Whart.
469, 31 Am. Dec. 536; Strauch v. Hathaway, 101 Ill. 11, 40 Am.
Rep. 193; Homœopathic Mut. L. Ins. Co. v. Marshall, 32 N. J. Eq.
103; Northwestern Mut. L. Ins. Co. v. Nelson, 103 U. S. 544, 26 L. ed.
436; Citizen's Sav. & Loan Asso. v. Heiser, 150 Pa. 514, 24 Atl.
733; Heilman v. Kroh, 155 Pa. 1, 25 Atl. 751; Dolph v. Barney,
5 Or. 191; Moore v. Fuller, 6 Or. 272, 25 Am. Rep. 524; Greene
v. Godfrey, 44 Me. 25; Bissett v. Bissett, 1 Harr. McH. 211; John-
ston v. Wallace, 53 Miss. 331, 24 Am. Rep. 699; Mutual L. Ins. Co. v.
Corey, 135 N. Y. 326, 31 N. E. 1095; Pierce v. Feagans, 39 Fed.
587.

Such evidence must be clear and convincing. Howland v. Blake, 97
U. S. 624, 24 L. ed. 1027; Young v. Duvall, 109 U. S. 573, 27 L. ed.
1036, 3 Sup. Ct. Rep. 414.

A notary's certificate is conclusive of every fact appearing on the
face of the certificate, and evidence as to what passed at the time of

acknowledgment is not admissible to impeach the certificate except in cases of fraud or imposition in securing the acknowledgment, and where knowledge of it, or some circumstance sufficient to put him on inquiry, is brought home to the grantee. Meyer v. Gossett, 38 Ark. 383.

Failure to give proper credence to such certificates would render land titles insecure, and work untold injury and possible loss. O'Donnell v. Kelliher, 62 Ill. App. 641; Ramsburg v. Campbell, 55 Md. 227; Blackman v. Hawks, 89 Ill. 512; Tunison v. Chamblin, 88 Ill. 389; Carr v. H. C. Frick Coke Co. 170 Pa. 62, 32 Atl. 656; Northwestern Loan & Bk. Co. v. Jonasen, 11 S. D. 566, 79 N. W. 842; Newton v. Emerson, 66 Tex. 142, 18 S. W. 348; Bartlett v. Drake, 100 Mass. 174, 97 Am. Dec. 92, 1 Am. Rep. 101; Johnson v. Van Velsor, 43 Mich. 209, 5 N. W. 265.

*John F. Sullivan,* for respondent.

Plaintiff had an interest, an estate, in the land in question, other than a mere possessory right. Kuhnert v. Conrad, 6 N. D. 221, 69 N. W. 185.

In an action to determine adverse claims to real property, a defendant who interposes a counterclaim for the purposes of the trial is deemed a plaintiff. Comp. Laws 1913, § 8153.

The court will take judicial notice of whatever ought to be generally known within the limits of its jurisdiction. Comp. Laws 1913, § 7983, subdiv. 30.

It is just as essential that a mortgage on the homestead be acknowledged as it is that it be executed. Compiled Laws 1913, § 5608.

BRUCE, J. This is an action to quiet title in the plaintiff, Bertina Rasmussen, to a quarter section of land, and is brought in the form of the statutory action to determine adverse claims. The defendant answers, setting up certain mortgages alleged to have been executed by the plaintiff and her deceased husband, Hans C. Rasmussen, and asks to have these mortgages foreclosed. The plaintiff replies, denying the execution of the notes and mortgages as far as she is concerned, in and alleging that said notes and mortgages are void as the land involved was the homestead of herself and her husband. The trial court found for the plaintiff and quieted the title in her. Counsel for appellant admitted upon the argument that the land in question was in fact the legal homestead of the parties. The only question in this case, there-

fore, is whether the evidence in the record sustains the finding of the trial court that the notes and mortgages were not executed by the wife. This question must be determined by us upon a review of the whole evidence, as a trial *de novo* is asked.

We are of the opinion that the trial court did not err in its findings, and that the evidence sustains his conclusions. Section 5608, Compiled Laws of 1913, provides: "The homestead of a married person cannot be conveyed or encumbered, unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife." This statute makes essential to a valid conveyance not merely the acknowledgment by the wife, but the execution also. We are quite satisfied from a perusal of the evidence that there was no acknowledgment, as the notary public goes into the details of the transaction and can nowhere be made to say that any such thing took place. He merely testifies that the wife came to his office and told him that she would not stand in the way of her husband making a loan. He nowhere states that she told him that she had signed the notes and mortgage, or that she had attached her signature thereto.

His testimony is as follows:

Q. You don't know Bertina Rasmussen's signature when you see it?

A. I have seen it. I would not say that I would know it when I saw it, and be positive about it.

The Court: Have you seen Mrs. Rasmussen sign her name?

A. *I can't say positively that I have.*

Q. Who was present at the office when you claimed she came there that day after the papers were brought back to you?

A. No one but myself.

Q. You were there all alone?

A. Yes.

Q. Did you pick up these particular papers and go over each one of the papers and ask her if she signed it?

A. I don't know as I showed her every particular paper. I just picked up the bunch and pulled the rubber off from them.

Q. And separated them out?

A. I can't state positively that I did or did not.

Q. You won't swear that you did?

A. No, I won't swear to it.

Q. What did you say to her with reference to the signing of these papers?

A. I said I suppose you came to acknowledge these papers.

Q. Then she next objected to her husband making this loan?

A. Yes.

Q. Then she said if he was bound to make the loan, she would not stand in his way?

A. That is about the substance of it.

Q. Is that all of the conversation?

A. I said, "Do you want me to put my name and seal to these papers?" and her answer was as near as I can state it, that she did not approve of his making the loan, but if he wanted to, she would not stand in his way.

Q. Is that all of the conversation?

A. That is practically all as I remember it now.

Q. Then she went out?

A. Yes.

Q. You said first: "I suppose you came in to acknowledge these papers?" and she objected to this for answer to her husband making the loan; then you asked: "Do you want me to put my name and seal on these papers?" and she said: "If my husband wants to make the loan, I won't stand in his way," or words to that effect?

A. That is about the substance of it.

Q. And then she went out,—that is all of the transaction?

A. Yes.

In the case of Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054, we held that "to constitute an acknowledgment the grantor must appear before the officer, . . . and such grantor must in some manner, with a view to giving it authenticity, make an admission to the officer of the fact that *he had executed such instrument.*" There is no proof of any such admission in the case before us, even to be found in the testimony of the notary. There is a direct denial of such fact in the testimony of the plaintiff.

In addition to this we are absolutely satisfied that the purported signatures of the wife upon the notes and mortgage are not her signatures. She testified on the trial that in her opinion the handwriting was

the handwriting of her husband. From an examination of the instruments, which examination we must make on this appeal as a trial *de novo* is asked, we come to exactly the same conclusion. A comparison of the handwriting of the husband with that of the wife, various samples of which are to be found in the evidence, and an examination of the purported signatures of the wife to the notes and mortgage, lead us to the inevitable conclusion that the handwriting is the handwriting of the husband, and not of the plaintiff in this case.

The judgment of the District Court is affirmed.