# ZORA E. SWINGLE v. H. P. SWINGLE and William McCarty.

## (162 N. W. 912.)

**Homestead exemption — antenuptial agreement — marriage — public policy — time of claiming homestead — arrival of — cannot be waived before.**

1. Antenuptial agreements made prior to marriage between the parties about to be married, concerning and respecting their individual and separate property, may be upheld as valid as to property exclusive of the homestead exemption as defined by the laws of the state of North Dakota, but as to homestead exemptions, such antenuptial agreements are void as being contrary to public policy and the welfare and protection of the home. Such homestead exemption cannot be waived before the arrival of the appropriate time of claiming it.

**Homestead exemption — abandonment — new homestead — establishment of — exemption — removal from homestead — wife's land — to husband's land — latter is homestead — wife has interest in — as homestead — children — benefit of.**

2. Where a wife at the time of her marriage to her husband resided upon land which belonged at the time of such marriage to the wife, and the husband and wife within a few days after such marriage removed from the wife's land and established their home upon the husband's land, and continued to live upon the husband's land until the husband deserted his wife, such removal from the wife's land constitutes an abandonment of her land as a homestead exemption under the laws of the state, and the removal to, and establishment of a homestead, upon the husband's land constitutes the husband's land the homestead exemption under the laws of the state, on which the wife has a

---

Note.—On abandonment of homestead, generally, see monographic note in 102 Am. St. Rep. 388, in which cases will be found on page 391, in accord with SWINGLE v. SWINGLE, holding that the removal of a husband or wife from the homestead by reason of desertion of his or her spouse does not constitute an abandonment, where the deserted spouse remains in possession thereof.

See also, on effect of a conveyance or encumbrance of the homestead by only one of the spouses, note in 95 Am. St. Rep. 909; on effect of husband's desertion on rights of wife and family in homestead, note in 82 Am. St. Rep. 284; that removal from homestead must be voluntary to constitute abandonment, note in 60 Am. Dec. 613; on necessity of joinder of husband and wife in release of homestead, note in 65 Am. Dec. 484, 485.

On husband's power without wife's consent to abandon homestead, or to convey premises by his sole deed after abandonment, see note in 37 L.R.A.(N.S.) 807, which, however, does not cover the question of whether the husband by abandoning his wife, as distinguished from the homestead, can terminate the homestead right.

homestead exemption and interest as provided by law, and she can retain the possession and use thereof for the benefit of herself and children, if any, and her homestead right and interest therein can only be devested by a proper conveyance freely and duly acknowledged and executed by her.

**Homestead exemption — notice — conveyance of — wife — abandoned by husband — remains in possession of new homestead — individual deed of by husband — grantee acquires no interest — use and possession — liability for.**

3. Where the wife and husband are in possession of a homestead exemption at the time the husband abandons his wife, and the wife remains in possession at the time when the husband by his individual and separate deed conveys the homestead to another, the person to whom such homestead is so attempted to be conveyed by the individual deed of the husband to such homestead exemption without the wife joining therein, and without the acknowledgment and due execution of such deed by the wife, acquires no interest of any kind or character in or to such homestead exemption, and such person is liable to such wife for the use and possession of such homestead exemption during the time the wife was compelled to be absent therefrom through fear.

**Homestead — wife leaving — through threats and fear of violence — abandonment — does not constitute.**

4. Where a wife and husband have established their homestead exemption upon the husband's land, being a tract of 160 acres, and the husband thereafter abandons the wife and forces her to leave such homestead exemption through violence, and by threats, and instilling her mind with fear, her absence through such violence, threats, abuse, and fear from such homestead exemption does not constitute an abandonment thereof as a matter of law.

**Homestead — conveyance of — must be by husband and wife.**

5. A homestead exemption as defined by § 5608, Compiled Laws of 1913, can be conveyed or encumbered only by the instrument by which it is conveyed or encumbered being executed and acknowledged by both husband and wife.

**Homestead exemption — purpose — public policy — protection of family.**

6. The Homestead Exemption Law of the state is founded upon sound reasons of public policy, and it inures to the benefit of, not only the wife and husband, but to the children if any. The object of the homestead exemption law is the protection of the family, to afford an asylum for the protection and support of the family in order that such family and children may be protected from the enervating effects of poverty, which to a large degree is the recruiting ground of disease and crime, and to provide an opportunity whereby such children may be properly developed physically, morally, and intellectually to assume and perform the true and proper duties of citizenship, and thus strengthening the state.

Opinion filed April 16, 1917.   Rehearing denied May 11, 1917.

Appeal from the District Court of Stark County, *W. C. Crawford,* Judge.

Judgment reversed.

*Murtha & Sturgeon* and *H. E. Haney,* for appellant.

The homestead declaration does not operate to preserve the homestead for any time, after the homestead has been abandoned in fact and in intention.   Kuhnert v. Conrad, 6 N. D. 220, 69 N. W. 185.

The homestead right is not, during the continuance of the family relation, a "right" or "interest" or "estate" in land.  It is a mere "right to an exemption," or "veto power over the husband's right to convey or mortgage."   21 Cyc. 460 (b); Somers v. Somers, 27 S. D. 500, 36 L.R.A.(N.S.) 1024, 131 N. W. 1091; Helgebye v. Dammen, 13 N. D. 172, 100 N. W. 245; Phelps v. Phelps, 72 Ill. 546, 22 Am. Rep. 149.

The waiver of a right of exemption before the appropriate time for claiming it is absolutely void.   18 Cyc. 1449 (A), 1450 (11); 21 Cyc. 611 (D) note 71; Bunker v. Coons, 21 Utah, 164, 81 Am. St. Rep. 680, 60 Pac. 549; Mann v. Mann, 53 Vt. 48; Curtis v. O'Brien, 20 Iowa, 376, 89 Am. Dec. 543; Kneettle v. Newcomb, 78 Am. Dec. 186, note; Phelps v. Phelps, 72 Ill. 546, 22 Am. Rep. 149; Hafer v. Hafer, 33 Kan. 449, 6 Pac. 537; Ryan v. Dockery, 134 Wis. 431, 15 L.R.A. (N.S.) 491, 126 Am. St. Rep. 1025, 114 N. W. 820.

The waiver of the homestead, even if good against the wife, is void as to the child, and the wife or widow may bring the action to recover the homestead.   Phelan v. Smith, 100 Cal. 158, 34 Pac. 667; Hafer v. Hafer, 33 Kan. 449, 6 Pac. 537; McCloy v. Arnett, 47 Ark. 445, 2 S. W. 71; Farrow v. Farrow, 13 Lea, 120; McGee v. McGee, 91 Ill. 553; Miller v. Marckle, 27 Ill. 405; Lagger v. Mutual Union Loan & Bldg. Asso. 146 Ill. 283, 33 N. E. 946; Battey v. Barker, 56 L.R.A. 76, note; 21 Cyc. 1242 (2) 1250 note 63; 26 Cyc. 825–828.

The instrument by which the homestead is sought to be conveyed or encumbered must be executed and acknowledged by both husband and wife, or each may convey by separate deeds.   16 Cyc. 720 (3); 10 R. C. L. p. 742, § 59, p. 801, § 112, p. 1034, § 54, notes 5 to 10; Brick v. Campbell, 122 N. Y. 337, 10 L.R.A. 259, 25 N. E. 493; Tate v. Commercial Bldg. Asso. 97 Va. 74, 45 L.R.A. 243, 75 Am. St. Rep. 770, 33 S. E. 382; Lukens v. Nye, 156 Cal. 498, 36 L.R.A.(N.S.) 244,

105 Pac. 593, 20 Ann. Cas. 158; McCrary v. Biggers, 114 Am. St. Rep. 882 note; Davis v. Thomas, 66 Neb. 26, 92 N. W. 187; Slappy v. Hanners, 137 Ala. 199, 33 So. 900; New England Mortg. Secur. Co. v. Payne, 107 Ala. 578, 18 So. 164; Isaacs v. Isaacs, 71 Neb. 537, 99 N. W. 268; Comp. Laws 1913, §§ 5517, 5608; King v. Welborn, 83 Mich. 195, 9 L.R.A. 803, 47 N. W. 106; Merced Bank v. Rosenthal, 99 Cal. 39, 31 Pac. 849, 33 Pac. 732; Clay v. Richardson, 59 Iowa, 483, 13 N. W. 645.

Oral consent is inoperative and void, and cannot amount to an estoppel. McCrary v. Biggers, 46 Or. 465, 114 Am. St. Rep. 882, 81 Pac. 356; 16 Cyc. 756 (B); Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809; Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054.

A deed of the homestead by husband and wife, but not acknowledged by the wife, is void. 16 Cyc. 726–747; 10 R. C. L. 697, § 25.

Where a party knows he is buying the family homestead, he cannot be said to rely upon oral statements. He is estopped to do so. He can only buy and receive title to the family homestead, in the statutory manner. Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233; Gjerstadengen v. Hartzel, 9 N. D. 268, 81 Am. St. Rep. 575, 83 N. W. 230; Hyatt v. O'Connell, 130 Iowa, 567, 3 L.R.A.(N.S.) 971, 107 N. W. 599; France v. Bell, 52 Neb. 57, 71 N. W. 984; 16 Cyc. 748 (k); Ware v. Cowles, 24 Ala. 446, 60 Am. Dec. 482; Urquhart v. Belloni, 57 Or. 314, 111 Pac. 692; Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054; Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809.

*J. P. Cain* and *W. J. Ray,* for respondents.

This court has held that an oral agreement estopped the wife from afterwards attacking such transfer of homestead property, and, with this view in mind, a wife who has signed a written agreement, waiving and relinquishing her right thereto, is certainly estopped to thereafter attack such transfer. Rieger v. Schaible, 81 Neb. 33, 17 L.R.A.(N.S.) 866, 115 N. W. 560, 116 N. W. 953, 16 Ann. Cas. 700; Johnston v. Spicer, 107 N. Y. 185, 13 N. E. 753.

Antenuptial contracts by which it is attempted to regulate and control the interests which each of the parties to the marriage shall take in the property of the other during coverture or after death, like dower, are favored by the courts, and will be enforced in equity according to

the intention of the parties, whenever the contingency provided by the parties arises. 13 R. C. L. p. 622, ¶ 82, p. 1012, ¶ 33; 10 R. C. L. 689, ¶ 19; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592.

A person cannot have but one homestead. Ford v. Ford, 24 S. D. 644, 124 N. W. 1108.

GRACE, J. The complaint of fact alleges that plaintiff and defendant were and are husband and wife, and were married March 20, 1914. That at the time of said marriage the defendant was the owner of the north half of the northeast quarter and the north half of the northwest quarter, section 20, township 10, range 102, Billings county, North Dakota, upon which said land defendant H. P. Swingle established and made his home with plaintiff, which said land defendant had acquired from the United States government under the homestead laws thereof. That on the 18th day of September, 1914, and while defendant and plaintiff were so living upon said land, the defendant, without the knowledge, consent, or signature of the plaintiff, made a pretended deed of conveyance of said land and premises to Wm. McCarty, who then and there well knew that plaintiff was the wife of defendant, living upon said land and premises, and that she, the plaintiff, had taken no part in said pretended deed of conveyance, or in any way or manner sold, waived, or relinquished her homestead right in and to said land and premises. And further alleges that the use and occupation of said land is reasonably worth the sum of $500 per year.

Plaintiff further alleges that said Wm. McCarty, without the consent of plaintiff and against her will, took possession of her land and premises on or about October 1, 1914, and has been in possession thereof adverse to plaintiff to her damages in the sum of $500.

The prayer of plaintiff's complaint asks that the said Wm. McCarty be restrained from entering upon said lands or in any way asserting any claim or right thereto.

The plaintiff demands that the said deed of conveyance be declared null and void and of no force and effect, and that the same convey no title, right, or interest to defendant Wm. McCarty, and that plaintiff be given the right, possession, and occupation thereof, and for judgment of $500 and damages for the taking of said land by said McCarty.

The defendant Wm. McCarty, for his separate answer to amended

complaint, alleges that the time H. P. Swingle married the defendant, that said H. P. Swingle was the owner of the north half of the northeast quarter and the north half of the northwest quarter of section 20, in township 139, north of range 102, Billings county, North Dakota, and that he had acquired the same from the United States government under the Homestead Laws thereof.

Further answering, defendant admits that at the time of the marriage of H. P. Swingle to plaintiff, that said H. P. Swingle was the owner of the land described in the amended complaint, that same was a homestead and was proved up on the 16th day of July, 1914, and a final certificate was issued for said land by the United States government on or about the 9th day of December, 1914.   Defendant McCarty further alleges that on or about the 13th day of March, 1914, and prior to the marriage of plaintiff and defendant, the plaintiff and defendant, H. P. Swingle entered into an agreement or contract, in writing, for and in consideration of marriage and other mutual promises to each other, whereby and whereunder the plaintiff was to have full, complete, and entire control of her said property of whatsoever nature and wheresoever found; that the defendant, H. P. Swingle, have full, complete, and entire control of his said property of whatsoever nature and wheresoever found, and each of said parties released all their title, right, or interest in the property of the other, whether rising by operation of the law or otherwise by reason of said marriage; that each of said parties then and there filed a declaratory homestead statement on the southwest quarter of section 20, township 139, range 102, Billings county, North Dakota; said agreement was duly witnessed, acknowledged, and filed for record in the office of the register of deeds in and for Billings county, North Dakota.   Defendant further alleges that on the 18th day of September, 1914, H. P. Swingle, by warranty deed, sold and transferred to the defendant Wm. McCarty the land described in paragraph 2 of the complaint, and that said Wm. McCarty then and there paid the defendant H. P. Swingle as a purchase price for said land the sum in excess of $3,000, and further alleges that the plaintiff had knowledge thereof and gave her consent thereto.

The defendant further alleges that by reason of such agreement mentioned in paragraph 5 of the answer, plaintiff is estopped from claiming any interest in the title of the land described in the complaint.   Defend-

ant further alleges that H. P. Swingle, since the sale of said land, has established a homestead on lands in Minnesota, and requested the plaintiff to come and live with him.

The facts in the case are substantially as follows: The plaintiff, a woman of about thirty years of age, was the mother of four minor children by a former marriage. She resided with such children upon the southwest quarter of section 20, township 139, range 102, in what is known as the "Bad Lands" in Billings county, North Dakota, which land she had filed upon as a homestead. The defendant resided upon another tract of land described as the north half of the northeast quarter, and the north half of the northwest quarter of section 20, township 139, range 102, Billings county, North Dakota, being the same section in which plaintiff's land is situated. That prior to the 13th day of March, 1914, the defendant H. P. Swingle had gotten the plaintiff in a delicate condition, and was compelled by humane officer Blake to marry her on March 13, 1914. The marriage took place on the plaintiff's land while the plaintiff was sick in bed. Within three days after the marriage the plaintiff and defendant went to live on the husband's homestead, the north half of the northwest quarter and the north half of the northeast quarter of section 20, township 139, range 102, Billings county, North Dakota, where, on the 24th day of March, 1914, a child was born to the plaintiff. Plaintiff and her husband resided upon the north half of the northeast quarter and the north half of the northwest quarter of section 20, township 139, range 102, Billings county, North Dakota, being the husband's land and homestead, until about September 22, 1914, when the husband left the country and has been heard of but little since.

The defendant McCarty bought the 1914 crop off the husband's land from the husband in September, 1914, and on September 19, 1914, McCarthy secured a deed executed by H. P. Swingle, the husband, alone and without his wife joining in such deed for the north half of the northeast quarter and the north half of the northwest quarter of section 20, township 139, range 102.

Plaintiff received no part of the consideration and did not join in the execution of the said deed. McCarty went into possession of the land about September 22, 1914. Prior to the time H. P. Swingle left the plaintiff, he forced the plaintiff to leave the north half of the

northeast quarter and the north half of the northwest quarter of section 20, township 139, range 102, Billings county, North Dakota, Swingle claiming he had rented it to McCarty. Plaintiff was afraid of Mr. McCarty, according to her testimony.

At the time that McCarty procured a deed to the land in question he had knowledge and knew Zora E. Swingle occupied the land in question with H. P. Swingle, her husband, as a homestead. She was there with him, residing there with her children, and that such tract of land was at the time of the execution of such deed the actual homestead of the plaintiff herein and her husband and family. The plaintiff in this case, in the prosecution of this appeal to this court, has assigned fourteen different errors, upon which she asks a reversal of the judgment in this case. In considering the case we find it only necessary to consider assignment of numbers 6, 9, 11, 13, and 14, which are as follows:

6. In making conclusions of law numbered 1.

11. In not holding the contract between plaintiff and H. P. Swingle void for the following reasons: (1) Because the contract makes no adequate provision for the plaintiff's support or maintenance; (2) because the plaintiff did not know the nature or purport of the instrument when she signed it; (3) because the agreement had been rescinded by mutual consent prior to the conveyance to McCarty; and (4) because the contract, in so far as it seeks to prevent, if it does seek to prevent, the plaintiff from securing a homestead right in her husband's real estate, was void in its inception and was against public policy.

9. In denying plaintiff's motion to have the case reopened, made before the entry of judgment.

13. In not holding, as a matter of law, that said contract could not prevent the plaintiff and the minor child of said marriage from securing a homestead right in the real property of her husband.

14. In not canceling said deed to defendant McCarty, and in not allowing the plaintiff to recover for the use and occupancy of said land.

As each of these assignments of error partake largely of the same nature, we will discuss the meaning of each assignment without separating them, as either of the assignments of error here pointed out are quite sufficient to reverse the judgment of the trial court.

The first proposition is that the plaintiff, Zora E. Swingle, by her written agreement, by her selection of a homestead prior to the mar-

riage, and by her acts subsequent thereto, is estopped from setting up any homestead rights, or claiming any interest or title to the land in question. This conclusion is plainly error under the well-settled laws concerning such questions. The agreement in question was entered into prior to the marriage of plaintiff and the defendant Swingle; it nowhere undertakes to deal with a homestead right as fixed by the law of this state, and, if it did, being an agreement before marriage in regard to the homestead, it would have been absolutely null and void. Agreements made prior to marriage between the parties about to enter into contract of marriage, respecting their individual property and separate property, no doubt may be upheld as to property outside and exclusive of the homestead or exemption, as defined by the laws of North Dakota relating to homesteads; but as to homesteads under the laws of our state no prior antenuptial agreement would be binding or of any effect concerning any relinquishment or waiver of the right of the homestead if it was made prior to the time of such marriage.

The homestead law of the state is founded upon sound reasons of public policy and inures to the benefit of, not only the wife or husband, but to the children, if any. The object of the homestead law is the protection of the family, it is to afford an asylum for the protection and support of the family, and the benefit of the provision cannot be waived prior to marriage, and can only be waived after the marriage in the manner prescribed by law; that is, by joining willingly and knowingly in the execution of the warranty deed or some conveyance of equal dignity. See Comp. Laws 1913, § 5608. "Homestead exemption is intended for protection and preservation of home for benefit of family as whole." Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684. Contract by husband to convey 320 acres of land, 160 acres of which, to knowledge of purchaser, was homestead, was wholly invalid as to homestead. Kaiser v. Klein, 29 S. D. 464, 137 N. W. 52.

"Concurrence of husband and wife essential to conveyance of homestead." Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245.

"On necessity of both husband and wife acknowledging conveyance of homestead." Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573.

The testimony shows that on the 13th day of March, 1914, plaintiff and defendant were married at the government homestead of plaintiff, the southwest quarter of section 20, township 139, range 102, and that

within a few days thereafter she and her husband moved over on to the husband's land and established their home upon the husband's land which is the land in question. This constituted a complete abandonment of her own former place of residence and homestead under the theory of the law of North Dakota relating to homesteads, and she and her husband established a new home in the homestead upon the husband's said land, being the land in question, within about three days after their said marriage. See Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185; Phelps v. Phelps, 72 Ill. 546, 22 Am. Rep. 149. The case of Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35, cited by the respondent, is not in point. There are no circumstances in the case at bar which could operate as an estoppel as to Zora E. Swingle. The written agreement entered into before marriage is of no force and effect so far as the homestead in question is concerned. An antenuptial agreement which undertakes to waive a homestead right is of no force and effect. The homestead is for the protection of the home and the family. The plaintiff, after marriage and after removal to the land of the defendant H. P. Swingle, did no act to waive her homestead right. She was forced from the possession of the H. P. Swingle homestead by his threats and the fear which he instilled in her, and she did not return to the possession by reason of fear and threats. Zora E. Swingle never entered into any contract either written or oral with William McCarty, and she is in no way estopped from claiming the H. P. Swingle land as her homestead.

As to the law which relates to the matter of antenuptial agreements, which involve homestead exemption rights, we may cite the following as being quite in point: Mahaffy v. Mahaffy, 61 Iowa, 679, 17 N. W. 46; Miller v. Collins, 143 Iowa, 120, 121 N. W. 700; Pulling v. Durfee, 85 Mich. 34, 48 N. W. 48; Johnson v. Johnson, 154 Iowa, 118, 37 L.R.A.(N.S.) 875, 134 N. W. 553.

The waiver of a right of exemption before the appropriate time for claiming it is absolutely void. See 9 Cyc. 480; Maxwell v. Reed, 7 Wis. 582; Crum v. Sawyer, 132 Ill. 466, 24 N. E. 956; Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas. 1917A, 67.

The testimony conclusively shows that, within about three days after the marriage of the plaintiff and defendant Swingle, they removed from

the plaintiff's homestead to the land and homestead of the defendant, and there established themselves in such home and lived together as husband and wife for several months, together with the children of the plaintiff and the child of the plaintiff and defendant.

It is shown from the testimony that the defendant McCarty had knowledge and notice of all these facts, and his own testimony is quite conclusive upon this matter. Also McCarty and one William Lee had a conversation in reference to the land in question, in which it appears that the defendant Swingle was trying to sell or trade the land to Lee, and that Lee told McCarty that Swingle's wife told Lee she would not sign the deed, so that it appears from defendant McCarty's own admissions, and from other testimony, that McCarty had knowledge and notice of the homestead rights and claims of the plaintiff herein to the land in question as a homestead exemption under the laws of North Dakota, and that she was claiming the land in question as a homestead exemption. Whatever conversation was had between McCarty and the plaintiff herein at the bank in Medora is immaterial and of no force and effect, as one cannot waive a homestead exemption orally, in the absence of fraud or collusion, which do not appear in this case.

The law is well and definitely settled in this state as to how a homestead exemption may be transferred. Section 5608, Compiled Laws 1913 provides: "The homestead of a married person cannot be conveyed or encumbered, unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife."

In the case of Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809, this court through Judge Bruce, now chief justice, makes use of this very plain, unmistakable, and clear language, with which the writer of this opinion is in full accord, and which is as follows: "This statute makes essential to a valid conveyance not merely the acknowledgment by the wife, but the execution also." And in the case of Severtson v. Peoples, 28 N. D. 382, 148 N. W. 1054, this court speaking through Judge Fisk uses clear, strong, and unmistakable language as follows: " 'The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife.' Under this statute it is just as essential that the instrument be acknowledged as that it be executed.

Without both execution and acknowledgment, the homestead is not conveyed."

The language of these two ably written opinions cannot be misconstrued or misunderstood. They mean exactly what they say. They have clearly and concisely laid down the law of this state upon this question. In the case at bar, at the time of the execution of the deed in question the plaintiff and defendant Swingle were living upon the land in question. It was their home. Under the law of this state it was a homestead exemption. It consisted of 160 acres of land. All of these facts were known to the defendant McCarty. Notwithstanding this, he took a deed from defendant Swingle to this land, in which the plaintiff herein, the wife, neither jointly nor separately executed or acknowledged such deed as required by law and the decisions of this court. Such deed so executed is absolutely void. The plaintiff in this case is entitled to the use and possession of the land in question as a homestead exemption under the laws of the state of North Dakota.

The judgment of the trial court is reversed. The case is remanded for further proceedings in harmony with this opinion, and for the further purpose of ascertaining the value of the use of the land in question to be accounted for to this plaintiff, together with the costs of both courts.

ROBINSON, J. I dissent.