ZORA E. SWINGLE, Appellant, v. H. P. SWINGLE and William McCarty, Respondents.

(167 N. W. 715.)

**Premises — taking and retaining possession of — color of title — damages for — action to recover — verdict and judgment — sustained by evidence.**

Evidence examined and *held* to sustain the judgment of the trial court in the amount of damages allowed plaintiff against defendant for defendant's unlawful taking and retaining possession, under color of title, of premises, to the possession of which the plaintiff was rightfully and lawfully entitled.

Opinion filed April 10, 1918.

Appeal from District Court of Billings County, North Dakota, *W. C. Crawford,* Judge.

Affirmed.

*Murtha & Sturgeon* and *H. E. Honey,* for appellant.

In a law action the plaintiff would be entitled to treble damages against McCarty for the use of the land. Code, § 7175.

McCarty cannot recover the consideration paid for the land nor for improvements made thereon nor for taxes paid. He is not an adverse claimant holding under color of title in good faith, and therefore can have no relief. Wood v. Conrad (S. D.) 50 N. W. 95; Lindt v. Uhlein (Iowa) 89 N. W. 214.

A deed void on its face is not color of title, and the person occupying land thereunder cannot claim to be acting in good faith. 21 Cyc. 551 (3) et seq.; 552, 3, note 30, 553; Baumann v. Franse (Neb.) 56 N. W. 395; 2 Words & Phrases, pp. 1264 et seq.

The owner of land need not return to a party so holding the consideration he paid. Watts v. Gallagher (Cal.) 31 Pac. 626; Shoemaker v. Collins (Mich.) 14 N. W. 559; Ballou v. Bergvendsen, 9 N. D. 285; Wood v. Conrad (S. D.) 50 N. W. 95, supra; Deffenboch v. Hawke (U. S.) 29 L. ed. 423.

Plaintiff is entitled to the value of an owner's share in the crops,—same as though land had been rented, and interest from the end of each year. Baldwin v. Bohl (S. D.) 122 N. W. 247.

A debtor's right to exemptions cannot be defeated by set-off by the creditor. 18 Cyc. 1463; Cleveland v. McCanna, 7 N. D. 455; Pickrell

v. Jerauld (Ind.) 27 N. E. 433; Junker v. Hustes (Ind.) 16 N. E. 197; Long v. Collins (S. D.) 88 N. W. 571; Long v. Collins (S. D.) 94 N. W. 700; Cadwell v. Ryan, 16 L.R.A.(N.S.) 494; Treat v. Wilson (Kan.) 70 Pac. 893; Belou v. Robbins (Wis.) 8 L.R.A. 467; Bradley v. Earle, 22 N. D. 139, 42 L.R.A.(N.S.) 575, 132 N. W. 660; Butner v. Bowser (Ind.) 3 N. E. 889; Davidson v. Meyers (S. D.) 135 N. W. 720; note to Bradley v. Earle, 42 L.R.A.(N.S.) 575; Wylie v. Grundysen (Minn.) 19 L.R.A. 33; Neblett v. Shackleton (Va.) 32 L.R.A.(N.S.) 577; Ekhart v. Schlecht, 29 Tex. 129; Clark v. Bird, 48 So. 359.

Plaintiff is not only entitled to recover the land, but also to recover the value of the use and occupation of it, with her costs; and this property being exempt, there can be no legal offset. Neblett v. Shackleton (Va.) 32 L.R.A.(N.S.) 577; Bradley v. Earle (N. D.) 42 L.R.A. (N.S.) 575; Cleveland v. McCanna, 7 N. D. 455; Long v. Collins (S. D.) 88 N. W. 571; Long v. Collins (S. D.) 94 N. W. 700; Cadwell v. Ryan, 16 L.R.A.(N.S.) 494 note; Bradley v. Earle, 22 N. D. 139, 132 N. W. 660.

*Newton, Dullam & Young,* for respondents.

The detriment caused by the wrongful occupation of real property in cases not embraced in the sections of the Code covering the subject is deemed to be the value of the use of the property for the time of such occupancy, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the cost of recovering possession. Code §§ 6167, 7173–7175; 39 Cyc. 870 E.

Plaintiff can recover only the reasonable rental of said property. The occupancy of the tenant though wrongful, was in good faith on his part. He did not force plaintiff to move off the place. She was off when he took possession. 162 N. W. 914.

Plaintiff in such cases can only recover the value of such use and occupation of the premises as defendant is shown to have enjoyed. 39 Cyc. 879; Sanford v. Johnson (Minn.) 4 N. W. 245; Baldwin v. Bohl (S. D.) 122 N. W. 247.

Defendant is entitled to recover for all he expended in the protection of the premises while so in his possession. Subrogation is no longer confined to cases of strict suretyship, but is broad enough to include

every instance in which one party is required to pay a debt for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter, and is the mode which equity adopts to compel the ultimate discharge of such obligations by him who should pay them. 37 Cyc. 370, 447; Dillon v. Warfel (Iowa) 32 N. W. 194; Hester v. Aultman & Co. 57 N. W. 1053; Bailey v. Bank, (S. D.) 150 N. W. 942; Tellett v. Albregston (S. D.) 152 N. W. 152; Stroh v. O'Hern, 142 N. W. 865; N. W. Mutual Sav. & L. Assoc. v. White, 31 N. D. 348; Mavity v. Stover (Neb.) 94 N. W. 834.

Defendant should be allowed for the seeding of the premises and labor done, all in good faith by him. Mavity v. Stover, 94 N. W. 834.

GRACE, J. Appeal from a judgment of the district court, Billings county, North Dakota.

This action was brought by the plaintiff to quiet title to a quarter section of land, more fully described as the N.$\frac{1}{2}$ of the N.E.$\frac{1}{4}$ and N.$\frac{1}{2}$ of the N.W.$\frac{1}{4}$ of section 20, township 139, range 102, Billings county, North Dakota. On a former appeal we found that the plaintiff was entitled to the use and occupation of said land as a homestead, and that the deed executed by H. P. Swingle to Wm. McCarty, not having been executed or acknowledged by the plaintiff herein, was absolutely void. The case was remanded that an accounting might be had and the amount due the plaintiff from the defendant for the use and occupation of such premises might be determined. See Swingle v. Swingle, 36 N. D. 611, 162 N. W. 912. After the case had been remanded, additional pleadings were filed and evidence taken upon the value of the use and occupation while the premises were used and occupied and in the possession of the defendant, which was from September 22, 1914, to June 7, 1917. Testimony of the value of the use and occupation was, on July 7, 1917, submitted to the court. The court made the following findings in effect:

That McCarty in September, 1914, bought the 1914 crop from Harmon P. Swingle for $100. The reasonable value of the use and occupation of the premises for 1915 and 1916 was $100 for each of said years. That on March 6, 1916, McCarty paid $24.32 taxes, and also paid interest on a mortgage against said land in the sum of $300.30. That McCarty seeded oats in the spring of 1917 to the amount of 25

acres, which was all the plowed land upon said premises, and the reasonable value of said seeding was $100. The court allowed McCarty the further credit of $18 for another small item, making a total allowance of $442.62. Against this credit the plaintiff was allowed to offset $200, leaving a balance in favor of McCarty in the sum of $242.62. The court further held that said sum should be a lien upon the land, and further held that plaintiff should have a personal judgment against defendant McCarty for the costs of the first trial in the district court, and the costs of appeal to the supreme court in the same case, and for entering, serving, and recording this judgment, and that all costs taxed against McCarty be deducted from the $242.62. The appellant makes six assignments of error, all of which we have considered.

Appellant sets forth the specifications of the insufficiency of the evidence. The action was tried to the court without a jury. It was tried, by the consent of both parties, by the court without a jury. If the findings of fact by the court find substantial support in the evidence, they should not be lightly disregarded. While such findings are not absolutely binding upon this court, they should receive serious consideration, if they are substantially supported by the evidence.

We are of the opinion that the whole of the tract of land, including the buildings, should be considered together as constituting a single property, the value of the use of which is to be determined as a whole from the testimony relative thereto. This property is a farm. The farm must be considered as an entity. It must be considered in its entirety, and the value of the use is to be determined by ascertaining, as near as possible, the value of the use and occupation of the premises as a whole, not by determining what the house and garden might rent for separately, or what the hay land and plow land might rent for separately. The real question is: What is the value of the use and occupation, the rents, of this quarter section of land when considered as an entirety? Testimony which would show, or tend to show, what was the value of the use and occupation of these premises when considered as an entirety, is the only competent testimony. It is apparent that the testimony relative to the use of the house and garden plot, etc., which undertakes to place a value upon the use, though separate and apart from the value of the use of the entire premises, is not, in fact, competent testimony,

nor is it the proper way nor rule by which to proceed to prove the value and use of the entire premises.

We are of the opinion that the method of proof resorted to by appellant for the purpose of proving the rental value of the plow land is extremely vague and speculative. It may be, though we do not pass upon that question in this case, that the value of the use of the premises such as this could be proved in the manner attempted by the appellant, if a proper foundation had been laid. If, for instance, the appellant had shown that all the farms adjoining the premises in question, and all the farms in the immediate vicinity or community, were of the same general fertility and productiveness as the premises in question, that all of such farms were farmed in the same general manner and with the same degree of care as the farm in question, and there had been shown, respectively, the average production in the different years of each of the farms adjoining or in the immediate vicinity or community, and had drawn a parallel, in all other respects, between the adjoining farms or those in the vicinity and the premises in question, then such testimony might be competent to show what would be the probable production of the premises in question. It being also further shown what share of the crop was customary to be given as rent or for the value of the use of the land, and that such is the only or at least the prevailing method in that community of renting such property, and therefore, the only method of determining the value of the use of such premises. If such rule, in any event, could be said to be a proper rule, it could have no application where the premises, the rent of which is in dispute, are cropped. In such case, it is self-evident the production or crops raised upon the land would have to be taken into consideration in determining the value of the use of such land, and probably would be the true measure of damages under such circumstances. If this might be considered the proper method of establishing the value of the use of the premises in question, it is clear the appellant has not brought himself within such rule, and has laid no foundation for the introduction of the testimony which he introduced in the attempt to prove the value of the use when this method is employed. His testimony in this respect must be held to be purely speculative. The defendant and other witnesses testified that the value of the use of this land was fifty ($50) dollars per year. The court allowed

one hundred ($100) dollars per year for each of the years 1915 and 1916. The court did not allow anything for the year 1914. In this, the court was right, for the defendant purchased the crop from H. P. Swingle, who, at the time of purchase thereof, had a right to sell the same. Whatever crop there was for 1917 the appellant received the benefit of. The court allowed the defendant one hundred ($100) dollars for having seeded such crop. As to the value of the use of the hay land, the testimony is quite conflicting. In the testimony adduced by the appellant's witnesses, they testify only to what the hay land should have produced in the years 1915 and 1916. There is no foundation for such testimony. There is no showing that the hay land in question had produced any specific quantities of hay in other preceding years. There is, therefore, no foundation laid upon which an estimate may be based as to what hay should have been produced in the years 1915 and 1916, even though it be considered that the weather conditions and rainfall were approximately the same in 1915 and 1916 as they were in other preceding years. It clearly appears to us that such testimony relates to speculative damages, and such testimony was incompetent to prove the real measure of damages. The defendant testified as to the quantity of hay procured from said land in the years 1915 and 1916. In 1915 he cut no hay on the land because it was cut the year before and the hay land would not stand to be hayed every year. He testified that in 1916 he had three stacks aggregating about 40 tons, which was worth about five ($5) dollars per ton. He testified that he did not get any oats in 1915, and only about 500 bushels in 1916. It is our opinion that the trial court, under all testimony, made a just allowance to the plaintiff for the value of the use of said land for all the time she was entitled to recover for the value of the use thereof. The improvements which McCarty made upon the land, being a flowing well which cost him seven hundred twenty ($720) dollars, and the clearing out of 20 acres from sage brush, which he said was worth ten ($10) dollars per acre, while not chargeable or recoverable against the plaintiff, nevertheless, in passing, they may be noticed for the purpose of showing that the premises in question were not decreased in value, in any respect, during the time they were in McCarty's possession. The court also allowed the defendant three hundred dollars thirty cents ($300.30) which he had paid out on interest for a certain mortgage. The defend-

ant testified there was a mortgage of one thousand ($1,000) dollars against the premises, and that he paid interest for three years, paying one hundred ($100) dollars each year, and also testified to paying certain taxes and another item for eighteen ($18) dollars. We are of the opinion that these charges in favor of the defendant were properly allowed. It clearly appears there was a mortgage upon the land, the defendant clearly testified to that effect. It is not disputed the defendant was in possession of the premises under color of title by reason of receiving a deed from H. B. Swingle. Such deed was declared by this court to be void. Nevertheless, the defendant, having paid such taxes while holding such land under color of title, is entitled to be reimbursed. Under the circumstances as they exist in this case, it is not necessary to make any further showing as to the assessment of the taxes nor that the premises were subject to taxes. At least the presumption would be that the premises were subject to taxes. In view of the defendant's testimony with reference to the payment of the taxes, the burden, if any, was on the defendant to show no assessment or that the land was not subject to taxes.

We have carefully examined all errors assigned, and find no reason to disturb the judgment of the trial court. Evidence amply sustains the judgment of the trial court. The judgment is affirmed. The respondent is allowed the statutory costs of this court in this appeal.