OF THE

## TERRITORY OF ARIZONA

DURING THE YEAR 1891.

[Civil No. 292.   Filed January 17, 1891.]

[29 Pac. 13.]

WILLIAM A. HANCOCK et al., Plaintiffs and Appellants, v. NEWELL HERRICK et al., Defendants and Appellees.

1. MORTGAGES—FORECLOSURE—EXEMPTION OF HOMESTEAD—DEFENSE— ISSUE OF FACT—JUDGMENT ON DEMURRER—COMP. LAWS, ARIZ. 1877, CH. 37, SECS. 1 AND 2, CITED AND CONSTRUED.—The homestead exemption provided by statute, *supra,* is a good defense to a foreclosure suit to enforce a mortgage, upon a homestead, executed by the husband alone. The plea of the statute raises an issue of fact to be determined by a trial, and judgment for plaintiff upon demurrer to the answer is error.

2. SAME—SAME—REPLY BY WAY OF ESTOPPEL—ISSUE OF FACT.—A reply to an answer pleading an exemption, setting up facts constituting an estoppel against defendants' plea, unless admitted, raises issues of fact, which can only be determined by trial.

3. NEW TRIAL—PURPOSE OF—ISSUES OF FACT DETERMINED AT A FORMER TRIAL CANNOT BE CONSIDERED.—The purpose of a new trial is to permit a re-examination and determination of issues of fact, and the granting of judgment by the trial court upon the pleadings because all the facts in issue were before the court upon the former trial is error.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. William W. Porter, Judge. Reversed.

The facts are stated in the opinion.

( 247 )

P. S. Perley, and M. H. Williams, for Appellants.

"If a motion for a new trial is granted the cause is to be tried anew. If a motion in arrest of judgment is granted a repleader will be awarded and the cause proceeded with as before." Texas Pleading and Practice, p. 51.

On September 25, 1887, appellants were granted a "new trial." They have not had a trial since. A judgment was rendered against them on May 6, 1889, but it was without trial and without their fault.

A new trial, *ex vi termini,* is a re-examination of the issues of fact which have once been tried. It is not a re-examination of the issues of law; it is not a repleading.

"The effect of granting a new trial is to remit the cause back to the stage of the original joinder of issues, and it must then be brought on a second time for trial in due course and in regular form." 3 Wait's Practice, 440, 441.

"And in awarding a new trial the court has no power to direct that the evidence given on the previous trial, in whole or in part, shall stand as evidence on the second trial." 13 Abb. 22; 3 Wait's Practice, 441.

"The only mode by which evidence given on the former trial may be made available on the second is by consent or stipulation between the parties." Id. 441.

"The granting of a new trial supersedes the effect of the former trial or wipes out the verdict. The case goes back upon all the issues of fact." Hilliard on New Trials, p. 74; *Hidden* v. *Jordan,* 28 Cal. 301.

"A new trial is a rehearing of the legal rights of the parties upon disputed facts." Bouvier's Law Dictionary, 1880 ed.

"It is either upon the same or different or additional evidence." Id.

"A new trial is a re-examination of the issues of fact which have once been tried by a court in the same court in which the first trial was had." Green's Practice and Pleading, sec. 1091.

"A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees."

"The first element is that a new trial is a re-examination of

an issue of fact. It is not a re-examination of an issue of law. Upon the same principle, viz.: that a new trial is a re-examination of an issue of fact, it has been held that errors in rulings upon demurrers to pleadings cannot be reviewed on motion for new trial. This is manifestly correct.'' Hayne on New Trial, sec. 1.

Thompson on New Trials (vol. 2, sec. 2708) says: ''A new trial is a retrial or re-examination in the same court of an issue of fact, or some part or portion thereof, after verdict by a jury, report of a referee, or a decision by the court. It is a retrial of the facts of the case or a re-examination of an issue of fact or rehearing of the legal rights of the parties upon disputed facts before a court or jury which has been tried at least once before the same court.''

·H. N. Alexander, and H. B. Lighthizer, for Appellees.

SLOAN, J.—This action was commenced December 21, 1885, and was brought to foreclose two mortgages,—one given to secure a note for $1,008.60, bearing date November 1, 1883, signed by the said William A. Hancock, and made payable to the order of Gus Ellis & Co.; the other, to secure a note for $1,602.90, bearing date December 17, 1883, signed by the said William A. Hancock and Lillie B. Hancock, his wife, and made payable to Herrick & Co., appellees herein. The mortgage given to secure the first of said notes was executed by said William A. Hancock, covering lots 14, 15, 16, 17, and 18, in block 77, in the city of Phœnix, and was assigned February 28, 1885, to the appellees herein, Herrick & Co. The mortgage given to secure the second of said notes was executed by the said William A. Hancock and his wife, and covered the property described as aforesaid. Each of said notes sued upon was made a separate cause of action in the complaint, which was in the usual form, and verified. In their answer the appellants admitted the execution of the note bearing date November 1, 1883, but, by way of special defense, set up that, at the time of the execution of the note and mortgage, they were husband and wife, and that the property described in the latter was and had been occupied by them as a homestead, and did not exceed in value the sum of

five thousand dollars; that said mortgage was executed by the said William A. Hancock alone; and that said Lillie B. Hancock, his wife, did not join therein. These facts were also pleaded by them by way of cross-complaint, in which affirmative relief was asked in the way of an injunction to restrain appellees from enforcing any claim against said property under said mortgage, and that the same be declared and adjudged as a homestead exemption. No defense to the second cause of action, based on the mortgage, bearing date December 17,'1883, was made. A trial having been had, and a judgment entered upon the issue as thus presented by the pleadings, and a new trial having been granted at a former term of the court, the appellees thereafter, upon the sixteenth day of October, 1888, filed a demurrer to the answer of appellants, upon the ground that the facts stated did not constitute a defense to said action; and by way of estoppel pleaded that, in the second mortgage sought to be foreclosed, appellants designated lot 14 as their then residence, and no other; and, further, that said first-described mortgage was executed by the said William A. Hancock with the full knowledge, consent, connivance, and procurement of said Lillie B. Hancock, his wife. To this reply appellants demurred, and moved to strike out the same as a departure in pleading, for the reason that it was an attempt to amend the complaint. Upon the twenty-sixth day of November, 1888, the cause came on for trial, and the demurrer of the appellants to the answer was then argued and submitted, and by the court taken under advisement. The demurrer to appellees' reply was likewise, upon the same day, submitted and taken under advisement by the court. No other proceedings were had in the cause until the sixth day of May, 1889, when the court ordered judgment to be entered in favor of appellees, that "an order of sale go, except as to lot 14, upon which home stands." Judgment was thereupon entered in accordance with this order of the court.

In thus entering judgment without a trial upon the merits, the court doubtless intended to render judgment upon the pleadings. We have no doubt that, under our practice, the court may, upon motion, enter a judgment when it appears that the complaint states a cause of action, and the answer

fails to state matter sufficient to bar or defeat it. In this instance the question to be determined is whether the answer of appellants to appellees' complaint constituted a defense to the first cause of action. This is to be determined by the construction to be given the homestead exemption law as it existed at the time the suit was brought. This law is to be found in sections 1, 2, ch. 37, Compiled Laws 1877, which read as follows: "Section 1. The homestead, consisting of a quantity of land, together with the dwelling-house thereon and its appurtenances, and the water-rights and privileges pertaining thereto, sufficient to irrigate the land, not exceeding in value the sum of five thousand dollars, to be selected by the owner thereof, shall not be subject to forced sale or execution, or any other final process from a court, for any debt or liability contracted or incurred after thirty days from the passage of this act, or if contracted or incurred at any time in any other place than in this territory. Sec. 2. Such exemption shall not extend to any mechanic's, laborer's, or vendor's lien, or to any mortgage lawfully obtained; but no mortgage, sale, or alienation of any kind whatever of such land by the owner thereof, if a married man, shall be valid without the signature of the wife to the same, acknowledged by her separately and apart from her husband: provided, that such signature and acknowledgment shall not be necessary to the validity of any mortgage upon the land executed before it became the homestead of the debtor, or executed to secure the payment of the purchase money." There can be no doubt but that the exemption provided for in said sections could properly have been claimed at the time suit was brought, and if urged, would constitute a good defense in proceedings to enforce, by foreclosure and sale, a mortgage upon such homestead, executed by the husband alone, without the signature of the wife. Such a plea raises an issue of fact, to be determined as other issues of fact. If there be facts which would operate as an estoppel upon the appellants from claiming as exempt such homestead, they could only be determined, unless expressly admitted, by a trial upon its merits. Appellees contend that, inasmuch as a former trial had been had upon the issue as originally made by the pleadings, the facts were all before the court when it ordered

judgment upon the pleadings. This position is untenable, for the reason that the very purpose and object of a "new trial" is a re-examination and determination of the issue of fact, and this purpose and object might be defeated if no opportunity be given for the production of additional and other evidence than that adduced upon a former trial. We hold that the court erred in rendering its judgment of November 26, 1888, and we accordingly reverse the judgment, and remand the case for trial.

Gooding, C. J., concurs.