GEORGE YUSKO and Anna Yusko v. OTTO STUDT and E. H. Kettler.

(163 N. W. 1066.)

**Homestead — married person — conveyance of — encumbered — husband and wife — executed and acknowledged — by both.**

    1. The homestead of a married person cannot be conveyed or encumbered

----

Note.—On effect of conveyance of the homestead by one of the spouses only, see note in 95 Am. St. Rep. 909.

On the general rule that a conveyance of a homestead by the husband without his wife joining in the deed is a nullity, see note in 107 Am. St. Rep. 291.

On necessity of joinder of husband and wife in release of homestead, see note in 65 Am. Dec. 484.

On power of husband without wife's consent to convey premises by his sole deed after abandonment, see note in 37 L.R.A.(N.S.) 807.

unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife.

**Homestead — mortgage on — executed by husband — wife's name — fraudulently signed by another person — mortgage void — not lien upon homestead — innocent purchaser — without notice — not protected.**

2. Where the husband executes a mortgage upon the homestead without the wife joining in such execution or acknowledging such mortgage, and another person fraudulently signs her name to such mortgage, and her purported acknowledgment of the mortgage is also a fraud, such mortgage is void and of no effect, and is not a lien upon the homestead even in the hands of an innocent purchaser for value and without notice, and even though the mortgage and the execution thereof in every way appeared regular upon the face of such instrument.

**Notary public — certificate of — acknowledgment — regular on its face — presumption of due execution — not conclusive — may be overcome.**

3. A certificate of acknowledgment of a notary public, regular on its face, raises a strong presumption of due and proper execution; the same, however, may be impeached by clear and conclusive testimony of a positive character.

**Officers — notaries — certificate — genuineness of — fraudulently made — void.**

4. Evidence concerning the genuineness of the notary's certificate attached to the mortgages and instruments in question examined and *held* to clearly, conclusively, and positively show that such notarial certificate was conceived in fraud and executed in a fraudulent manner, and that the same was void.

Opinion filed July 9, 1917.

Appeal from the District Court of Morton County, *J. M. Hanley*, J. Affirmed.

*B. W. Shaw* and *P. S. Jungers*, for appellants.

The certificate of acknowledgment of a notary public, regular upon its face, raises a presumption of due execution which must be overthrown. This can only be done by clear, positive, and convincing proof of fraud, or that the certificate is false from some other reason. Uvalde Asphalt Paving Co. v. New York, 90 App. Div. 327, 91 N. Y. Supp. 131.

A high degree of proof is required to impeach such a certificate. Patnode v. Deschenes, 15 N. D. 108, 106 N. W. 573; Northwestern Loan & Bkg. Co. v. Jonasen, 79 N. W. 843; Pierce v. Feagans, 39 Fed. 592; Smith v. McGuire, 67 Ala. 34; Griffin v. Griffin, 125 Ill. 436, 17 N. E. 785; Marston v. Brittenham, 76 Ill. 611, 40 Am. Rep. 193;

Strauch v. Hathaway, 101 Ill. 11; Calumet & C. Canal & Dock Co. v. Russell, 68 Ill. 438; Bearss v. Ford, 108 Ill. 26; Warrick v. Hull, 102 Ill. 283; Hughes v. Coleman, 10 Bush, 246; Blackman v. Hawks, 89 Ill. 512; Heeter v. Glasgow, 79 Pa. 80, 21 Am. Rep. 46; Russell v. Baptist Theological Union, 73 Ill. 337; 1 Thomas, Mortg. § 500; Whart. Ev. § 1052; Devlin, Deeds, p. 540, § 534; Albany County Sav. Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427.

Denial by the grantors of the signatures or acknowledgment to a conveyance, although supported by handwriting experts to the effect that the signatures are not those of the grantors, is not sufficient to rebut the presumption of genuineness which the notary's certificate imports. Tunison v. Chamblin, 88 Ill. 378; Ramsburg v. Campbell, 55 Md. 227; Blackman v. Hawks, 89 Ill. 512.

Plaintiffs' silence and their paying of the interest are sufficient to estop them to deny this mortgage. Continental Nat. Bank v. National Bank, 50 N. Y. 575; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35; Emerson-Newton Implement Co. v. Cupps, 15 N. D. 606, 108 N. W. 796; Rothschild v. Title Guarantee & T. Co. 204 N. Y. 458, 41 L.R.A. (N.S.) 740, 97 N. E. 879.

But even that which amounts to a forgery may be ratified. Ofenstein v. Bryan, 20 App. D. C. 1; Hefner v. Vandolah, 62 Ill. 483, 14 Am. Rep. 106; Goodspeed v. Cutler, 75 Ill. 534; Paul v. Berry, 78 Ill. 158; Murtaugh v. Colligan, 28 Ill. App. 433; Casco Bank v. Keene, 53 Me. 103; Greenfield Bank v. Crafts, 4 Allen, 447; Bartlett v. Tucker, 104 Mass. 336, 6 Am. Rep. 240; Wellington v. Jackson, 121 Mass. 157; Central Nat. Bank v. Copp, 184 Mass. 328, 68 N. E. 334; Corser v. Paul, 41 N. H. 24, 77 Am. Dec. 753; Howard v. Duncan, 3 Lans. 174; Shroyer v. Smeltzer, 38 Pa. Super. Ct. 400; Shannon v. Castner, 21 Pa. Super. Ct. 294.

*Halpern & Moses* and *J. K. Murray,* for respondents.

"To constitute an acknowledgment, the grantor must appear before the officer, and such grantor must in some manner, with a view of giving it authenticity, make an admission to such officer of the fact that he had executed such instrument." Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054.

An equitable estoppel arises when one party by his faulty conduct has induced his adversary to omit some act, which but for said fault and

negligence he would have performed and which if done might have prevented loss. Leather Mfrs. Nat. Bank v. Morgan, 117 U. S. 108, 29 L. ed. 816, 6 Sup. Ct. Rep. 657.

Estoppel *in pais* arises where one has induced another to occupy a position he would not have taken but for the acts of the former and his declaration. Dickerson v. Colgrove, 100 U. S. 578, 25 L. ed. 618; Steed v. Petty, 65 Tex. 490; Hodge v. Ludlum, 45 Minn. 290, 47 N. W. 805.

A representation to create and amount to an estoppel must have been acted upon. Stuart v. Lowry, 42 Minn. 473, 44 N. W. 532; Doctrine of Estoppel in Pais, Stevens v. Ludlum, 13 L.R.A. 270, note; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35.

The conduct of the husband cannot operate as an estoppel against the wife, she being a stranger to such conduct. Gober v. Smither, —— Tex. Civ. App. ——, 36 S. W. 910; Law v. Butler, 44 Minn. 482, 9 L.R.A. 856, 47 N. W. 53; Cumps v. Kiyo, 104 Wis. 656, 80 N. W. 937; Somers v. Somers, 27 S. D. 500, 36 L.R.A.(N.S.) 1024, 131 N. W. 1091.

The mortgages here in question are void instruments, and as such cannot be ratified. And even if ratification were possible, there is no evidence thereof in this case. Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544; Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas. 1917A, 67; Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809; Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684.

Nor can damages be recovered against the husband upon a contract to convey the homestead of himself and wife. Waples, Homestead & Exemption, p. 384; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817; Hodges v. Farnham, 49 Kan. 777, 31 Pac. 606; Cowgell v. Warrington, 66 Iowa, 666, 24 N. W. 266; Donner v. Redenbaugh, 61 Iowa, 269, 16 N. W. 127; Justive v. Souder, 19 N. D. 613, 125 N. W. 1029.

The recital in a subsequent valid mortgage, of the existence of the former fraudulent mortgage, is not conclusive on the part of the wife, as to the validity of such mortgage to which such recital relates. It is not a ratification. Franklin Land Co. v. Wea Gas, Coal & Oil Co. 43 Kan. 518, 23 Pac. 630; Hart v. Church, 126 Cal. 471, 77 Am. St. Rep.

195, 58 Pac. 910, 59 Pac. 296; Hancock v. Herrick, 3 Ariz. 247, 29 Pac. 13; Howell v. McCrie, 36 Kan. 636, 59 Am. Rep. 584, 14 Pac. 257; Jerdee v. Furbush, 95 Am. St. Rep. 914, note; Rothschild v. Title Guarantee & T. Co. 204 N. Y. 458, 41 L.R.A.(N.S.) 740, 97 N. E. 879; Comp. Laws 1913, § 9887.

Without some element of estoppel or some new consideration, ratification in such cases cannot be had. Shinew v. First Nat. Bank, 84 Ohio St. 297, 36 L.R.A.(N.S.) 1006, 95 N. E. 881, Ann. Cas. 1912C, 587; Harris v. Simpson, 14 Am. Rep. 106, note, and cases cited; Cornerstone Bank v. Rhodes, 5 Ind. Terr. 250, 67 L.R.A. 812, 82 S. W. 739; Fall River Nat. Bank v. Buffinton, 97 Mass. 498; Continental Nat. Bank v. National Bank, 50 N. Y. 575; Owsley v. Philips, 78 Ky. 517, 39 Am. Rep. 358; Warren v. Fant, 79 Ky. 1; Garrott v. Ratliff, 83 Ky. 384; Young v. Hildreth, 1 Ky. L. Rep. 401; Workman v. Wright, 33 Ohio St. 405, 31 Am. Rep. 546; Hood v. Nichols, 7 Ohio Dec. Reprint, 157; McHugh v. Schuylkill County, 67 Pa. 391, 5 Am. Rep. 445; Second Nat. Bank v. Wentzel, 151 Pa. 142, 24 Atl. 1087; Henry Christian Bldg. & L. Asso. v. Walton, 181 Pa. 201, 59 Am. St. Rep. 635, 37 Atl. 261; Bucher v. Meixell, 5 Pa. Dist. R. 375.

GRACE, J. The action is a statutory one brought by George Yusko and Anna Yusko, husband and wife, to determine adverse claims and quiet the title in the plaintiffs to the following described real estate situated in Morton county, North Dakota, to wit, the north half of the northwest quarter, the southwest quarter of the northwest quarter, and the northwest quarter of the northeast quarter, all in section 26, township 137, range 90, and containing 160 acres more or less.

The complaint is in the statutory form.

The defendants by their separate answers and counterclaims allege the existence of their respective liens upon the property involved by reason of two alleged mortgages,—one to Otto Studt for $1,000, and the other to E. H. Kettler for $150,—and defendants by their separate answers demanded the foreclosure of such mortgages.

Plaintiffs by their amended reply denied that Anna Yusko, wife of the plaintiff George Yusko, ever executed or acknowledged the mortgage in question, or the notes secured by said mortgages, and that Anna Yusko, wife of George Yusko, never authorized the execution

37 N. D.—15.

of said notes and mortgages by any other person whatsoever. And further allege that, long prior to said purported execution of said notes and mortgages, and at the time of the said execution of the notes and mortgages, the said plaintiffs were husband and wife and were living together with their family upon the land involved herein, and were occupying the same as a homestead under the laws of the state of North Dakota, and have at all times since the said date continuously lived upon and occupied and still do live upon the land involved, and occupy the same as a homestead under the laws of the state of North Dakota. That the said purported mortgages are not liens against the said real estate, and that the same are void.

The facts appear to be as follows: On the 20th day of December, 1909, the plaintiff George Yusko, together with a daughter, Annie Yusko, executed and delivered to the defendant Otto Studt a real estate mortgage for the sum of $1,000, with interest at 10 per cent per annum, which mortgage covered and described the said land. The mortgage was filed on the 23d day of December, 1909, in the office of the register of deeds of Morton county, North Dakota. On the 20th day of December, 1909, the plaintiff George Yusko, and his daughter Annie Yusko, executed and delivered to the defendant E. H. Kettler a real estate mortgage covering the premises in question, securing the sum of $150, with interest at 10 per cent, which mortgage was filed for record on the 23d day of December, 1909, in the office of the register of deeds of Morton county, North Dakota. That the plaintiff Anna Yusko, wife of the plaintiff George Yusko, did not execute, deliver, or acknowledge either of the said mortgages; that she had no knowledge of their execution and delivery at the time they were executed and delivered, and received none of the proceeds of such mortgages. The premises in question did not exceed in value $5,000, nor in extent more than 160 acres, and was the legal homestead under the laws of the State of North Dakota of George Yusko and Anna Yusko, his wife.

On the 16th day of December, 1912, George Yusko and Anna Yusko, his wife, executed a mortgage to Joe Worrnecki for $337, covering the land in question, which sum of $337 was used by George Yusko in paying interest on the $1,000 mortgage. At the time the plaintiffs borrowed the money from Worrnecki the first mortgage was about to be foreclosed, and Anna Yusko, the wife, at the time she signed the

mortgage for $337 with which the interest on the $1,000 mortgage was paid, did so under the belief that the $1,000 mortgage was a valid mortgage, according to her testimony as shown on pages 77 and 78 of the transcript.

The law is well settled in this state as to the manner in which a homestead may be conveyed, transferred, or encumbered both by statutory law and the decisions of this court. Section 5608, Compiled Laws of 1913, provides: "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife." Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809; Severtson v. Peoples, 28 N. D. 382, 148 N. W. 1054; Swingle v. Swingle, 36 N. D. 611, 162 N. W. 912; Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544; Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas. 1917A, 67; Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684.

The testimony in the case at bar conclusively shows that neither the mortgage to Studt nor the mortgage to Kettler was signed by the wife, but was signed by the husband and his daughter Annie. The $1,000 mortgage and the $150 mortgage, and the notes accompanying them, were shown to the witness Annie Yusko, Junior, while she was testifying, and she positively identified her signature thereon, and stated that it was her handwriting, and she said she signed the name of Anna Yusko to the instrument. She said that all the papers were signed in a lumber yard before Mr. Gintzler, and were all done at one time. She denied that her mother had ever told her to sign the mortgage for her. In answer to the question, "Did you think you were signing her name or yours?" she said, "My name." She further testified that Gintzler, the notary public, told her to sign her own name. The testimony of Mrs. Anna Yusko, Senior, the wife, after the examination of the mortgages, is positively that she did not sign such instruments. She identified the writing thereon as that of her daughter's. She positively denies giving her daughter any authority to sign her name, and denies ever appearing before a notary public.

The testimony of George Yusko, the husband, is of the same positive character, that the notary public, Gintzler, who took the acknowledg-

ments, knew that the person signing the mortgages with George Yusko was his daughter, and not his wife. His testimony further shows that the papers in question were signed by the daughter at the suggestion of Mr. Gintzler, the notary public, instead of the wife, who was sick.

The state of the testimony is conclusive that the daughter signed the papers, and not the wife; and that Gintzler, the notary public, knew this fact, and having knowledge thereof took the acknowledgments. Such testimony proves conclusively that the wife, Anna Yusko, never executed, delivered, or acknowledged any of the instruments involved in this case, and in no manner conveyed, encumbered, or transferred her homestead right so far as the actual execution and acknowledgment of any instruments are concerned.

Considering the certificate of acknowledgment of the notary public, it is a well-established rule that such certificates cannot be impeached unless the testimony bearing on the impeachment is clear and convincing. The certificate of acknowledgment of a notary public, regular on its face, raises a strong presumption of due and proper execution, and cannot be impeached except by clear and conclusive testimony of a positive character. In this case the testimony clearly and conclusively shows that the certificate of the notary is false. The testimony as a whole so clearly, strongly, and convincingly proves this that there remains no element of uncertainty and doubt. The testimony not only conclusively proves that the certificate of the notary public is untrue and false, but that the notary public Gintzler knew, of his own knowledge, that the certificate was untrue and false at the time that he made the same. It follows, therefore, as far as the wife is concerned, she never executed and acknowledged any of the instruments in question; and no notarial certificate which purports to certify that she did, is untrue, false, and fraudulent, and of no effect whatever, as affecting her interest.

The only other point necessary to consider is whether the wife by executing the mortgage to Worrnecki together with her husband, with which to procure money to pay the interest on the mortgage which was about to be foreclosed, amounts to a ratification of such mortgage, where such mortgage for $337 recites that it is subject to a mortgage of $1,000 to Otto Studt. The testimony shows that the $1,000 mortgage was about to be foreclosed. It further shows that at the time that the wife executed the $337 mortgage with which to procure money for the

husband to pay interest on the $1,000 mortgage, she at that time believed the $1,000 mortgage a valid mortgage, and did not know of her rights, and did not know that the $1,000 mortgage was void for the reason that she had not executed and acknowledged it in the manner prescribed by law. The testimony also shows that the wife was greatly concerned about losing her home, and that she was laboring under much stress of mind in this regard.

In order that the act of the wife in this case by joining in the execution of the valid mortgage for $337 to Worrnecki should amount to a ratification of the void mortgages, such debt and all of her acts relative thereto would have to be done with full knowledge of all her rights, and full knowledge of all material facts affecting her homestead right, and if, after having such full knowledge of all her rights and of all material facts, she should then freely, willingly, and knowingly do the acts which tended toward ratification of the void instrument, she might in all probability thus waive her homestead right. At the time of the execution of the $337 mortgage with which money was procured by which the husband paid the interest on the $1,000 mortgage, the wife had no knowledge, according to her testimony, that the mortgages were void. Her testimony is to this effect. The wife's testimony conclusively shows that she did not know but that the $1,000 mortgage was a valid mortgage, and did not know of her homestead right at the time she executed the $337 mortgage.

She was asked the following questions:

Did you know at that time what the law was about mortgages in this state?

Answer. No, I did not know what the law was. I thought the mortgage was good, and it makes me nervous. I thought we lose our home.

Question. Did you know at that time that you would have to sign the mortgage in order to make it good?

Answer. No, I thought the mortgage was all right.

Question. Did you know at that time that in order to make the mortgage good you had to sign it?

Answer. No, I thought the mortgage was good.

Question. You at that time knew that you did not sign it?

Answer. I knew I did not sign my name, but I thought it was good.

Question. When did you first find out that the mortgage which you did not sign was no good?

Answer. The first time I came to Mr. Halpern.

Question. When was that?

Answer. The 4th of June this year.

At the time, therefore, that she signed the $337 mortgage she did not have full knowledge of her rights and of all material facts which it is necessary she should have at the time of signing such mortgage in order that her signing may have had the effect of a ratification of such mortgage or mortgages. See in this connection § 9987, Compiled Laws of 1913. As to the recital in the subsequent valid instrument not being a ratification, see Hancock v. Herrick, 3 Ariz. 247, 29 Pac. 13; Howell v. McCrie, 36 Kan. 636, 59 Am. Rep. 584, 14 Pac. 257; 95 Am. St. Rep. 911, note.

In this case the $1,000 mortgage and the $150 mortgage were void because of the premises covered by such mortgage being a homestead; and such mortgages not having been executed and acknowledged by the wife as required by law, and the execution of the subsequent valid mortgage for $337 being with no knowledge or notice by the wife at that time of her rights concerning the homestead, a recital in such valid mortgage stating that it was subject to such void mortgage or mortgages constituted no ratification of the void mortgages. Seiffert & W. Lumber Co. v. Hartwell, 94 Iowa, 576, 58 Am. St. Rep. 413, 63 N. W. 333.

The judgment of the lower court is in all things affirmed, with costs.