FIRST NATIONAL BANK of New Rockford, North Dakota, Appellant, v. PETER P. HALLQUIST, also known as P. P. Hallquist, Respondent.

(184 N. W. 269.)

**Homestead — mortgage by husband and wife should not be deducted in determining value.**

1. In determining the value of a homestead estate a prior existing mortgage executed by both husband and wife should not be deducted.

**Homestead — mortgage by husband alone is valid as to excess of lands above homestead.**

2. A mortgage executed by the husband alone covering land which constitutes the homestead estate is valid as to the excess in value above the homestead estate.

Opinion filed June 27, 1921. Rehearing denied September 10, 1921.

Action in District Court Eddy County, *Coffey,* J., to foreclose a mortgage. The plaintiff has appealed.

Reversed and remanded.

*N. J. Bothne,* for appellant.

"A deed of conveyance by the husband without his wife joining, of lands including the homestead, is valid as to the excess in extent or value of the land above the homestead exemption." Severtson v. Peoples, 28 N. D. 372; 21 Cyc. 551 and citations; 13 R. C. L. 635 and citations.

"It is the homestead as created, defined and limited by law that is absolutely exempt. We have already seen what that means. A mere floating homestead right, unattached to any land in a manner that can identify the land as a homestead, cannot create an absolute exemption in land that may subsequently be designated and identified as a homestead." Foogman v. Patterson, 9 N. D. 254; Severtson v. Peoples, 28 N. D. 372.

"In determining the value of the homestead for the purpose of ascertaining and selecting therefrom the homestead exemption or estate, the amount of existing mortgages or liens thereon cannot be deducted from the value of the property." Brown v. Starr, 21 Pac. 973, (Cal.); Estate of Herbert, 122 Cal. 329; Yates v. McKibbin, 23 N. W. 752, (Ia.); Arnold v. Jones, 77 Tenn. 545; Norris v. Moulton, 34 N. D. 392.

*R. F. Rinker,* for respondent.

In this case the court found that the value of the homestead was only $7200.00 even applying the ruling of the court in Severtson v. Peoples, there would be no interest in said land for appellant's mortgage to attach; its mortgage not being signed or acknowledged by the wife, under § 5808 it would be void as to the homestead interest. Foogman v. Patterson, 9 N. D. 254; Helgebye v. Dammen, 13 N. D. 167.

"Where the extent and value of the homestead does not exceed that fixed by law there is no necessity for selection or declaration of homestead exemption." Farmers Bank v. Knife River Lumber and Grain Co. 37 N. D. 371.

*Statement.*

BRONSON, J. This is an action to foreclose a real estate mortgage. The record discloses the following:

The defendant is the owner of 160 acres of farm land in Eddy county. He is a married man with a family of six children. For many years he has occupied this land as his homestead. In 1915 the defendant together with his wife gave a mortgage upon the land to the Minneapolis Loan & Trust Company to secure a note for $2,500 and interest. There is now unpaid upon this mortgage with interest $2,650. There are also unpaid taxes for 1919 and 1920 amounting to $213. In 1916 the defendant alone gave a mortgage to the plaintiff upon this land to secure $1,675 and interest. There is due and unpaid upon this mortgage including interest

over $2,000. Witnesses variously testified that the value of the land including improvements was from $45 to $65 per acre. The defendant testified that the value was $40 per acre. The trial court upon findings determined the value of the land to be $7,200; that, after deducting the prior liens thereupon, the homestead did not exceed in value the homestead exemption; that, accordingly, plaintiff's mortgage signed by the husband alone, being a lien only for the amount above the statutory exemption, did not attach to the land. Judgment was ordered and entered in favor of the plaintiff for the amount of the note with interest and, further, that the mortgage be cancelled of record. The plaintiff has appealed from the judgment.

## Decision.

Did the trial court err in deducting the prior existing incumbrance to determine the value of the homestead? It is to be noted that this prior mortgage to the trust company was made by both husband and wife so that it operated to create a lien upon the homestead. When this mortgage so signed by husband and wife was executed, there then existed, following the findings of the trial court, the sum of $2,200 over and above the value of the homestead estate in the land. To deduct this mortgage out of the excess value above homestead estate would simply serve to place such mortgage in the position of a mortgage that did not cover the homestead estate. This court has heretofore held that in determining the value of the homestead estate existing incumbrances should not be deducted. Calmer v. Calmer, 15 N. D. 120, 127, 106 N. W. 684.

That a conveyance by the husband without his wife joining, of lands including the homestead, is valid as to the excess of value of the land above the homestead exemption. Severtson v. Peoples, 28 N. D. 372, 384, 148 N. W. 1054. These cases, upon the question herein involved support the clear weight of the authorities. 21 Cyc. 551; 13 R. C. L. 635; 15 A. & E. Enc. Law (2d ed.) 684; Thompson on Homesteads and Exemptions, § 477. It follows that the trial court erred in deducting prior existing incumbrances. It is true that a conveyance of a mortgage of a homestead in this state must be executed and acknowledged by both husband and wife. However, plaintiff's mortgage, so far as it covers the excess above the homestead estate, is not a mortgage upon the homestead and is therefor valid to such extent.

The judgment of the trial court is reversed, and the case remanded for further proceedings consonant with this opinion. The appellant will recover costs.

ROBINSON, C. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, J. (dissenting). This action is one to foreclose a certain real estate mortgage. The defendant is the owner and occupant of a certain 160-acre tract of land located in Eddy county. This is his homestead. It is exempt from judgment lien, and from execution or forced sale, except for the value thereof, in excess of $5,000, except for debts secured by mechanic's or laborer's liens for work or labor done or material furnished exclusively for the improvement of the same; or on debts secured by a mortgage on the premises, executed and acknowledged by both husband and wife, or an unmarried claimant, who, in conditions specified in statutory provisions, may be permitted to make the claim of homestead exemption; or debts created for purchase price thereof, and for taxes accruing and levied thereon.

The material facts are as follows:

On February 15, 1916, defendant made and delivered his promissory note to plaintiff for $1,675, due December 1, 1916, bearing interest at 9 per cent. per annum. On the same date to secure the payment of the note, he executed and delivered a mortgage on the land. At the time defendant signed the mortgage, he, together with his wife and six children, were residing on the land. His wife did not join with him in giving the mortgage. The mortgage was recorded. The note was not paid at maturity. Plaintiff served notice of intention to foreclose the mortgage, and in October, 1919, commenced the foreclosure thereof by action. The complaint is in the ordinary form, for the foreclosure of a real estate mortgage by action. Defendant answered, and among other things alleged that the mortgage was null and void for the reason that his wife had not joined therein, and that the land covered by the mortgage was exempt as a homestead. There was a prior valid mortgage of $2,500, executed by defendant and wife, on which there was accumulated $150 interest.

The case was tried to a court without a jury. It made findings of fact and determined that the land was worth $7,200 and that it was subject to the $2,500 prior mortgage and interest and unpaid taxes; and, after the deduction of these amounts, defendant had an interest in the land of

less than $5,000, and set aside the whole tract of land to defendant as exempt.

The court gave a personal judgment against the defendant for the amount of the note and interest. It also ordered and decreed that plaintiff's mortgage was no lien on the land.

A determination of whether plaintiff's mortgage is a lien on the land will dispose of the case, for if it is not a lien, no other question presented here will really be material.

§ 5608, C. L. 1913, provides:

"The homestead of a married person cannot be conveyed or incumbered, unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife."

This identical statute was construed in the case of Swingle v. Swingle, 36 N. D. 611, 162 N. W. 912. See, also, Farmers' Bank of Mercer County v. Knife River Lumber & Grain Co., 37 N. D. 371, 163 N. W. 1053; Yusko et ux. v. Studt et al., 37 N. D. 221, 163 N. W. 1066; Rasmussen v. Stone, 30 N. D. 451, 152 N. W. 809; Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054.

In Swingle v. Swingle, supra, it in substance was held that the homestead, as defined by § 5608, can be conveyed or incumbered only where the instrument of conveyance, is executed and acknowledged by both husband and wife. The mortgage here was executed and acknowledged by the husband only. It is certain that the land in question is the homestead of the defendant and his wife. The mortgage, as so executed and delivered, was absolutely null and void.

Again, this court has, as early as 1906, settled the question that a mortgage similar to the one in the case at bar was absolutely null and void. In the case of Garr, Scott & Co. v. Collin et al., 15 N. D. 627, 110 N. W. 81, this court, speaking through Judge Young, construed § 5608, C. L. 1913, which was § 5052, Rev. Codes 1905, and § 3608, Rev. Codes, 1899, and there used the following language:

"The Constitution of this state (§ 208) charged the Legislature with the duty of protecting the homestead by suitable laws. One of the means adopted by the Legislature for accomplishing this end, and it is common to many states, is the requirement that a conveyance thereof shall not be effective unless signed by both husband and wife. There is no constitutional restriction in this state inhibiting this legislation. It, on the contrary, merely carried into effect the mandate of

the Constitution. That it is competent for the Legislature, in the absence of constitutional restriction, *to prohibit the alienation of the homestead without the wife's signature is well settled.* * * * § 5052, Rev. Codes 1905 (now 5608, Comp. Laws 1913), in force when the mortgage in suit was given, required the wife's signature. She did not sign it. It was therefore invalid. In some states a conveyance of the homestead executed by the husband alone is not wholly void, but has the limited effect of transferring the husband's interest, but subject to the homestead estate. Gee v. Moore, 14 Cal. 472. *In this state,* however, a conveyance of the homestead which is not executed by both husband and wife *is void.*"

The case from which we have just quoted is directly in point. The conveyance there involved, as here, was a mortgage, and it was determined to be invalid, and, for this reason, of no effect. The statute prohibiting the alienation of the homestead, unless the instrument of conveyance is signed and acknowledged by both husband and wife, a conveyance not so executed is wholly void, regardless of the value of the homestead.

Though the homestead exceed in value $5,000, it cannot be incumbered, except both husband and wife join in the conveyance, though, according to the statutes hereinafter cited, it may be levied on under execution, for the enforcement of a judgment, and the interest of the claimants to the homestead, over and above $5,000, subjected to the satisfaction of the judgment. See §§ 5611 to 5620, both inclusive, Comp. Laws 1913. But that is an entirely different matter than placing a voluntary incumbrance thereon, which only may be accomplished by compliance with the provisions of § 5608, supra.

But here arises, out of § 208 of the Constitution, a very important question, viz., Can a homestead, in any event, even though it exceed in value $5,000, be sold at a forced sale?

§ 208 of the Constitution provides that—

"The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, *exempting from forced sale to all heads of families a homestead,* the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law. This section shall not be construed to prevent liens against the homestead for labor done and materials furnished in the improvements thereof, in such manner as may be prescribed by law."

It is thus seen that this constitutional provision requires the Legislature to pass laws exempting the homestead from forced sale.

§ 5616, Comp. Laws 1913, provides in effect that where the homestead can be divided without material injury there shall be set off to the claimant thereof so much of the real property, including the residence, as will amount in value to the homestead exemption, and that an execution may be enforced against the remainder of the real property. In such case, of course there is no forced sale of the homestead.

But § 5617, Comp. Laws, provides, in substance, that where the homestead exceeds in value the amount of the homestead exemption, and where it cannot be divided without material injury, the court shall make an order directing its sale under execution; and § 5618 provides, in substance, that where the sale is thus made, the proceeds to the amount of the homestead exemption must be paid to the homestead claimant, and the residue applied to the satisfaction of the execution.

These two latter sections provide for a forced sale of the homestead, and thus directly contravene the provisions of § 208, and hence they are invalid. The object of that constitutional provision is to keep the homestead intact and to prohibit a forced sale of it. Its purpose is to protect the home and to prevent its disintegration. It were better that the creditor should lose his claim, even though the homestead exemption is of a greater value than $5,000 and is indivisible, than that the home should be destroyed and the family set adrift.

True it is, if a conveyance, not executed and acknowledged by both husband and wife, should include a greater area of land than that allowed by law as a homestead, and in which the homestead was included, it would be void as against the homestead; it would, nevertheless, be valid as to that part which is in excess of the lawful area of the homestead. That question is not presented in this case. Here, the tract involved does not exceed in extent that prescribed in § 5605, C. L. 1913.

Assuming, however, that §§ 5617 and 5618, supra, are not invalid and not contrary to the provisions of § 208 of the Constitution (though we are certain those sections are clearly invalid), nevertheless the plaintiff's mortgage is, for additional reasons, ineffective and nonenforceable, and this for the reasons now to be stated.

The trial court found that the value of the homestead was $7,200. At the trial, testimony as to the value of the land was given by quite a number of witnesses. The trial court saw these witnesses and heard them testify; and, in the circumstances of this case, we think its finding as to value is determinative of that question.

In determining the value, for the purpose of ascertaining the extent of the exemption right, as it existed at the time of the trial, the trial court deducted the amount of prior incumbrance, which, as represented by a prior mortgage on the premises, executed and acknowledged by both husband and wife, was $2,500 plus $150 interest.

After this deduction, the value of the homestead exemption was less than $5,000, and the trial court accordingly set the whole of the homestead aside as exempt, and afforded the appellant no relief, other than a personal judgment against the defendant, which if this holding is correct, would not be a lien against the homestead, nor could the plaintiff procure an execution on the judgment and levy on a homestead, nor proceed in any manner to sell the homestead to satisfy its claim, as the exemption, after the deduction of the prior incumbrance, did not exceed $5,000.

We think the trial court's finding and conclusion in this regard is correct, for if the prior incumbrance of $2,500, instead of being a mortgage, were a judgment, there could be no controversy concerning the correctness of the trial court's conclusion, for the prior judgment would be a lien on the value of the homestead in excess of $5,000, and it could be sold on an execution issued on the prior judgment, for the satisfaction of it, in pursuance of law in that regard, as above referred to. So, too, could the $2,500 prior mortgage be foreclosed, and the premises sold to satisfy it. In either case, there would be a sale of the premises to satisfy a lien, and, under either, when sale was made, the exemption remaining would be less than $5,000.

We realize that a different holding was made in the case of Calmer v. Calmer et al., 15 N. D. 127, 106 N. W. 684. We think, however, that the rule announced there is one which protects the creditor and not the claimants of the homestead. It is not difficult to see that, under that rule, the benefits intended to be preserved to homestead claimants, under our statutes providing for homestead exemptions, and under § 208 of the Constitution, could be entirely withheld from them, and the purpose thereof largely defeated.

The provision of the Constitution and of our laws creating homestead and exemption rights should be liberally construed to effect their beneficent purpose, to wit, to protect the debtor and his family in the possession, ownership, and control of a homestead of definite area and value, to which creditors cannot resort by a process of levy of execution on a judgment and forced sale, except as to the excess of value, over and above

$5,000, and not then unless the homestead is divisible and the excess not theretofore conveyed by a conveyance executed and acknowledged by husband and wife or claimant.

The writer is of the opinion that justice and protection to homestead claimants require that the rule announced in Calmer v. Calmer, supra, be overruled, in so far as it holds that, in determining the value of the homestead exemption, existing incumbrances should not be deducted.

The appellant's mortgage being entirely null and void, for the reasons above set forth, the trial court properly ordered its satisfaction, discharge, and cancellation of record. It was unnecessary for respondent to make selection or file declaration of homestead exemption. His homestead consisted of a single tract of land. It was not necessary for him to file declaration of his homestead, or claim his homestead exemption, until his right thereto was in some way challenged.

The judgment appealed from should be affirmed.