M. A. KING v. M. C. LACEY.

(No. 7195.)

APPEAL from Dallas County.   Opinion by DAVIDSON, J.

ALEXANDER & CLARK, counsel for appellant.

No counsel appeared for appellee.

§ 255. *Appeal from justice's court; transcript must be filed, when; motion to dismiss appeal may be made, when; case stated.*   Appellee obtained judgment in justice's court against appellant February 13, 1890.   On February

19, 1890, appellant perfected an appeal to the county court. The transcript and papers were not filed in the county court until November 6, 1890, the sixth term of the county court after the appeal had been perfected. On the same day appellee moved to dismiss the appeal because of the delay in filing transcript and papers. The motion to dismiss was entertained and sustained. Appellant's position is that the motion to dismiss the appeal came too late, not having been made at the first or the second term of the court after the appeal had been perfected. *Held:* In cases of appeal from justice's court, our statute provides that the "transcript and papers shall, if practicable, be transmitted to the clerk of the county court on or before the first day of the next term of said court; but if there be not time to make out and transmit the same to the first term, they may be so transmitted on or before the first day of the second term." [R. S., art. 1641.] The papers and transcript must be filed as required by statute. [1 App. C. C., § 306; 3 App. C. C., § 284.]

In Railway Co. v. Connerty (*ante*, § 207), we held that "when the transcript and papers from the justice's court are not filed in the county court on or before the first day of the second term of said court after the appeal is perfected, the appellee should move to dismiss the appeal upon said ground, and such motion should be granted; but such motion must be made at the second term of the court, or it will be considered as waived in case the transcript and papers have in the meantime been filed." By the terms of the statute the papers and transcript may be filed at the second term of the county court. Should this not be done on or before the first day of the said second term, but they are filed at some future day of the term, and no motion is made to dismiss the appeal at that term because of the failure to file said paper and transcript by said first day thereof, then the right is waived. But, if the transcript is not filed until the third

term, this rule will not apply. The statute limits the time of filing the papers and transcript to the second term of the county court, and, in order to secure any right by virtue of the appeal, the papers must be filed as required by the terms of the statute. This court has held, in substance, that if the papers are not filed on or before the first day of the second term of the county court after perfecting the appeal, but are filed during that term, it will be considered that the right to dismiss has been waived. It may be further said that, as the law authorizes the filing of the papers on the first day of the said second term, where this is not done, but the papers are filed at a subsequent day of the term, it will be presumed that the court was moved by sufficient reasons for permitting the filing thereof, where there is no attack made on said action by a motion to dismiss. In order to secure the benefits of an appeal, the modes of securing the right must be pursued as they are prescribed by law. The county court is invested with ample authority to enforce its jurisdiction in such matters, and full power is conferred upon it to issue writs and process necessary for that purpose. As soon as appellant discovered that upon the convening of the court at its second term the papers and transcript of the appeal had not been filed in the court, it became his duty at once to take the necessary steps to compel the justice to forward the said papers and transcript, and to see that they were filed. This he failed to do, and four terms of the court intervened before any action was taken with that end in view, and no excuse is given why this was not done earlier. Under the law the second term was the final term at which this could be done. Appellant also contends that the motion to dismiss the appeal should have been filed at the second term of the county court, and that, failing to do this, the appellee waived his right to file it at any subsequent term. It was not incumbent upon the appellee to file his motion until there was an

appeal to dismiss. He could not be required to move to dismiss a case that was not in court, nor on the docket. A party cannot be held to waive a right until that right has accrued. The appellee moved in the matter as soon ,as the papers and transcript were filed in the county court. The papers were filed too late.

May 27, 1891.                                    Affirmed.