No. 31,185.

Emma E. Boulls, *Appellant*, v. Charles D. Boulls et al., *Appellees*.

(22 P. 2d 465.)

Opinion filed June 10, 1933.

*J. P. Noble* and *John M. Bremer,* both of Oberlin, for the appellant.

*W. S. Langmade* and *Wallace T. Wolfe,* both of Oberlin, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to partition three quarter sections of land and some city property, and the recovery of certain rents. Upon the testimony and admissions of the parties, certain findings of fact and conclusions of law were made by the court and upon these judgment was entered, of which the plaintiff complains and from which she appeals.

Francis A. Boulls and Emma E. Conley were married on April 2, 1915. Each had been married before and both had children by former marriages. Francis A. Boulls had several children who were named as defendants in this action brought by Mrs. Boulls, but no children were born of the later marriage of the parties. Before their marriage and on March 27, 1915, they entered into the following antenuptial contract:

"This agreement made and entered into this 27th day of March, 1915, between Francis A. Boulls of Jennings, Kansas, and Emma E. Conley, of Jennings, Kansas, witnesseth:

"That whereas the said Francis A. Boulls and Emma E. Conley have mutually agreed to intermarry and that each of said parties has property consisting of real and personal property and each has reared a family, members of which are now living, and it is the desire of each of said parties to leave, in so far as it is desirable, property now possessed by them to their children of such former marriage; and whereas each of said parties is fully informed as to their rights under the law of this state upon marrying each other as to the property rights and estate of each other; it is agreed by the said Emma E. Conley, in consideration of the said promise of marriage and the covenants and agreements hereinafter set out on the part of the said Francis A. Boulls, that at any time during the married life of the said parties said Francis A. Boulls may dispose of one-half of the property which is now possessed by him, by sale, or will or gift or in any manner that he pleases and that in case of his death she shall receive only a life interest in the remaining one-half of the said estate of the said Francis A. Boulls and that the remainder of said estate shall go and descend to his heirs or by will as he shall direct. And it is understood that this agreement does not apply to property acquired by their joint labors during marriage.

"It is agreed on the part of the said Francis A. Boulls in consideration of the promise of marriage and the covenants and agreements on the part of the said Emma E. Conley hereinbefore set out that said Emma E. Conley may, at any time during their married life dispose of all of the estate she now possesses by sale, or will or gift or otherwise as she may see fit to do and that the said Francis A. Boulls in case of her death, as her survivor, shall take nothing from the estate of said Emma E. Conley except his lawful interest in such estate as they may hereafter acquire by their joint labors.

"In Witness Whereof the parties to this contract have hereunto set their hands this 27th day of March, A. D., 1915, at Oberlin, Kansas.

FRANCIS A. BOULLS,
MRS. EMMA E. CONLEY."

On August 5, 1921, Francis A. Boulls executed a will giving the property to his children in prescribed shares, and providing that his wife, Emma, should have the exclusive use of what is designated as the home place in Jennings as long as she should live. He died on February 28, 1930, and at that time all of his children had reached and passed the age of majority. His son was duly appointed executor as the will directed, and he has managed the farm land of the estate.

At the time of the marriage, and of the husband's death, he owned three quarter sections of farm land, and after the marriage he had acquired a residence property in Jennings, spoken of as the home place, in which he and his wife had been living for about eleven years prior to his death, and he also owned some personal property. The personal property was found to be insufficient to pay the debts of the estate and the costs of administration, and an application had been made to the probate court, and is still pending, for the sale of a certain quarter section of the farm land for the purpose of meeting the debts and expenses of administration of the estate. The estate is still unsettled and cannot be finally settled until a sale of so much of the land be made as is necessary to pay the debts and expenses of administration. The plaintiff claims nothing in the estate by virtue of the will but rests her claims in the action under the antenuptial contract.

The court found that the plaintiff is the owner of a life estate in the undivided one-half of the property mentioned, to be retained by her during her natural life, and that the defendants, the children of Francis A. Boulls, are the owners of the undivided one-half interest of the land described in which plaintiff has her life estate subject to that life estate, and that the defendants hold the fee-simple title to the other one-half interest in the real estate. Among other things the court found that the property is subject to partition among the defendants according to their respective interests, but it cannot be finally partitioned until sufficient of it may be sold through the probate court to pay the debts and expenses of administration, and the decree was that partition should be postponed and held in abeyance until the debts and expenses are paid. It was further

found, as to the matter of rents received by the defendants from the farm lands in which the plaintiff claims the use of a one-half interest, that defendants have received and are holding the sum of $193.79, to which plaintiff would be entitled to one-half; and as to the home place in Jennings, that the net rental received by plaintiff from the home place, in which defendants claim a half interest, should be set off against the rents received by the defendants from the farm lands, that held by the plaintiff being $707.50, and that defendants were entitled to one-half of that as a set-off against what they had received from the farm lands, and it was found that she is not entitled to a recovery against the defendant for any rents, but that the defendants are entitled to have their share of the net rental value of the home property to be set off against the rents due from defendant from the farm lands.

There was testimony as to the rental value of the lands, the crops grown thereon, the value of such crops and the value of the rentals on the real estate, the amount of the taxes and repairs, the amount of the debts and the value of the personal property. There was also testimony as to the rental value of the home place in Jennings and the repairs thereon, and the expenses of administration.

Plaintiff testified that she had received no rents and profits except the use of the house in town. She also stated that she had not paid anything to the executor on account of the use of the house, but had spent $75 in repairing it.

Plaintiff contends that the court erred in decreeing that the life estate of plaintiff was liable for the payment of the debts of Francis A. Boulls, which she contends is not liable for the debts, stating that there is plenty of property for that purpose without resorting to the life estate. Second, that the court erred in decreeing that the homestead property in Jennings was subject to partition for the debts of the deceased, and in adjudging that the plaintiff was liable for rents on the homestead from the time of the death of her husband.

Other objections are to the admission of evidence and the overruling of the motion for a new trial.

The validity of the antenuptial contract is not questioned, and it is admitted that the plaintiff based her claim under that contract and is not claiming under the will later made by her husband. Under the antenuptial contract plaintiff became entitled to one-half of the property of which her husband died seized, which includes both the farm land and the home place in Jennings. The plaintiff and her

husband began occupying the residence in Jennings about four years after their marriage and continued to live in it until his death, and she is still living in it, claiming homestead rights therein. The right of plaintiff to the rentals on one-half of the farm land is conceded by defendants, but there is a dispute as to the right of the defendants to a share of the rentals of the homestead in Jennings or to have the rentals on the homestead set off against the rentals to which she was entitled on her interest of the farm land, to wit, $193.79. The plaintiff, it appears, had rented rooms to others in her home in Jennings, and in the period since her husband's death had received therefrom $707.50. The court decided that the defendants were entitled to a share of the rentals in the homestead and to have them set off against her share of the rentals on the 480 acres of farm land—in effect holding that she should receive nothing on the rentals of farm land, and, so far as rentals were concerned, she was practically found indebted to defendants in the sum of over $500.

It is conceded that a sale of only a small part of the farm land is necessary to pay the debts of the estate, and defendants say they are not seeking to interfere with the plaintiff's occupation of the homestead; but they did ask for a part of the use of the homestead, and it was decreed to them by the court when it required the plaintiff to account to defendants for the rentals of the homestead and set them off against the rentals due her on her life estate in the farm land. She is entitled to the full use of the homestead in addition to the right given her under the antenuptial contract. Her homestead right is superior to that provided in that contract, and, so far as occupancy and exemption are concerned, she is not limited to the terms of the contract. In *Hoard v. Jones*, 119 Kan. 138, 237 Pac. 888, it was said that—

"The homestead rights of the wife, provided for by our constitution (art. 15, § 9) and statutes (R. S. 22-101) cannot be affected by an antenuptial agreement." (Citing cases.) (p. 152.)

The homestead right of plaintiff extended not only to a part of the home, but to the exclusive use of all of it. There can be no question that the homestead rights attached to the home, and that unless abandoned it will persist, even for the benefit of a single individual, the wife, as long as she lives. During her occupancy it cannot be sold for debts of the estate or even for her own debts, and no part of the homestead can be appropriated to meet the obligations of the estate or of the children who are to receive the re-

mainder or ultimate title to the property. Plaintiff is not claiming under the will made, but in that instrument the husband provided that his wife should have the exclusive use and benefit of the homestead as long as she shall live. The court erred in requiring her to account to the defendants for the use of the home or in setting off the rentals as against what was due her from her share of the farm lands.

There is no reason to complain that the court proceeded with the partition action during the existence of the homestead. It was determined in *Towle v. Towle,* 81 Kan. 675, 107 Pac. 228, that there may be partition of an estate involving a homestead where there are children and heirs of the owner who have a share in the estate, and have reached an age to require a distribution. The court did proceed with the partition, so far as it could go at the time, and determined what the widow and each of the children should receive when the debts of the estate were paid, decreeing that after the debts were paid she was entitled to one-half of the remaining estate during her life and that the other defendants should receive the remainder in fee in the part of the real estate in which plaintiff has a life estate, and further adjudged that the defendants are the owners of the fee-simple title of the other half of the real estate in which the plaintiff does not have a life estate.

There is reason to complain of the holding that the plaintiffs shall only have a life estate of the remaining real estate after the debts are paid. By holding that she should receive only what remained after the debts were paid, was in effect to hold that part of the widow's life estate given to her under the antenuptial contract, might be sold to pay the debts of the estate, and the costs of administration. It appears that there is plenty of property, besides that given to her by the contract, and it appears that a quarter section of the farm land has been petitioned to be sold to meet this · charge. As we have seen, the homestead may not be sold or appropriated for debts or interfered with during its existence, and we think that no part of her life estate should be reduced or taken for the debts. When the antenuptial contract was made, giving her a one-half interest in all the real estate owned by the husband, and on the consummation of the marriage the right to one-half of the estate became fixed. It will be noted that the husband, in the contract giving her one-half of his property, stipulated that during the marriage he reserved the right to sell or dispose of one-half of his

property as he pleased, implying that he considered that he did not have the right to sell the part which he contracted to give her.

The contract evidenced an intention of the husband that the widow should have at his death a life estate of all the property possessed by him, and that the other half was intended to go to the children. It did not provide that the widow's interest was to be one-half of the property after the debts and costs of administration were paid or other obligations were discharged. The property owned by the husband at his death was the same as when the contract was made, except the homestead in Jennings, which was in the contemplation of both parties when the contract was made.

We conclude that under the contract and the circumstances of the case that the widow's life estate was not subject to the payments of the debts of the estate and that there was error in the decision that her interest was limited to what remained after the debts and costs of administration were paid.

No other objections raised as to the rulings of the court appear to be meritorious, but for the errors mentioned the judgment is reversed and the cause remanded for a new trial.