## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. FORT WORTH LAUNDRY CO.'
### No. 12816.

Court of Civil Appeals of Texas. Fort Worth.
June 17, 1933.

For former opinion, see 58 S.W.(2d) 1058.

McGown & McGown, H. L. Logan, Jr., and B. E. Godfrey, all of Fort Worth, for appellant.

Virgil R. Parker, of Fort Worth, for appellee.

CONNER, Chief Justice.

It is suggested for the first time that under the terms of article 8306, § 3, Rev. Statutes, appellee's liability for the premiums prescribed by law, and for which the appellant company sued, was, as a matter of law, inescapable.

Under the common law, generally speaking, the right of an injured workman to recover damages is based upon a fault of some character on the part of his employer, unaccompanied with fault on the part of the workman, or of a fellow employee, or of a risk knowingly assumed by him. But in the course of our economic and social development as a nation, the resulting loss of the fruits of labor and the consequent want of means for the support of the laborer and his dependents became a matter of public concern, and in England, Germany, and numerous states of this country, including Texas, what is familiarly known as the Workmen's Compensation Law was enacted. This law, in the interest of the public, contemplates compensatory relief of specified classes of workmen in certain particulars from the results of injuries however brought about. Under our act the employer who becomes a subscriber is relieved of all common-law liability for actual damages, and had this suit been one by an injured employee against the appellant insurance company to recover damages, under the terms of the act we would be strongly inclined to uphold the suggestion mentioned. But the suit is not one by an employee, but one by an insurance company against a subscriber to recover alleged unpaid premiums, and hence we are not required to determine the interesting question suggested, and do not determine it.

The evidence warrants the conclusion that the members of the partnership both before and after the delivery of the policy in question were insisting that their truck drivers were not employees but were independent contractors, and that this contention was known both by the broker Edwards, who delivered the policy and collected the first premium, and by the auditors of the plaintiff company, notwithstanding which the plaintiff company continued to demand and to receive the required premium based on a pay roll of defendant's employees other than its truck drivers during the entire period of the policy's continuance.

It is true that the court found that the truck drivers were in fact employees and the evidence sustains this finding, and hence that as to the truck drivers the written terms of the policy afforded protection to the laundry company and imposed a legal liability on the insurance company. But no truck driver was injured and no actual protection or liability arose. The fact that the truck drivers were employees and not independent contractors was not so declared by the terms of the policy, nor in our statute defining the term "employee." Hence the fact that the truck drivers were not independent contractors had not been established at the time the laundry company accepted the policy, or at any time before the trial of this case when, for the first time, it was made a fact issue. Under such circumstances, we think it must be held that at the time the contract of insurance became

effective by the delivery of the policy and payment of the first premium the litigants in this case must be held to have construed it as not covering the truck drivers, and that the insurance company waived all right to recover the premiums it now seeks, to recover.

■ In Texas Jurisprudence, vol. 10, p. 298, § 171, it is said: "The acts of the parties themselves, indicating the construction they mutually placed upon a contract at the time, including acts done in the course of performance, may be considered in interpreting it where it is ambiguous or its meaning is doubtful. Such a practical construction by the parties is entitled to great weight, and according to many of the cases will control the interpretation of the contract, and be adopted and enforced by the court."

■ The rule of waiver applicable to the circumstances of this case is thus expressed in 27 R. C. L., par. 3, p. 906: "The doctrine of waiver from its nature, is applicable, generally speaking, to all rights or privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution. * * *"

We accordingly conclude that the suggestion mentioned in the beginning must be disregarded in this case and the motion for rehearing overruled.