[Civ. No. 15769.   Second Dist., Div. One.   July 29, 1947.]

Estate of GEORGE EDWARD HOWE, Deceased. MYRA B. HOWE et al., Respondents, v. ALVIN LANGDON CO-BURN, Appellant.

S. T. Hankey for Appellant.

Hugh Gordon, Sanford A. Waugh, Powers & Bernard and W. A. Strong, for Respondents.

DORAN, J.—This is an appeal from an order granting a family allowance and homestead in probate proceedings.

The record reveals the following as correctly recited in appellant's brief:

"In January, 1946 the Court made an Order granting Mrs. Myra Howe, the widow of decedent a family allowance of $400.00 per month. Appellant, who is one of the legatees of the estate opposed the granting of this allowance but at the time of such opposition he had no knowledge of the existence of the pre-nuptial contract which only came to light sometime later, when he immediately took steps to obtain the cancellation of the Order granting the family allowance and repayment of the moneys paid under the Order. In March, 1946 the said widow Myra B. Howe petitioned the Court for a probate homestead and appellant opposed the granting of the probate homestead on the ground that she had waived her right thereto in the pre-nuptial agreement.

"These two matters came on for trial before the Court at the same time and after hearing the evidence of Mrs. Myra Howe, who was the only witness, the Court granted the probate homestead and denied the Petition for Termination of the Family Allowance and re-payment of the moneys paid under the Order of January 17th, 1946."

The pertinent portion of the prenuptial agreement is as follows:

"That neither party shall at any time claim any interest in the separate property of the other, except that in the event of the death of either party hereto, the survivor shall be entitled to any devises or bequests, if any, in favor of such survivor made in the Last Will and Testament of the said deceased party. And this agreement shall in no wise be construed as a waiver of the right of either party hereto in or to any provision in favor of the survivor as to any devise or bequest made in such Will of such deceased one in favor of the other."

In deciding in favor of respondent, the court commented as follows at the conclusion of the trial:

"There was only one question presented to the Court. That is whether or not there was a waiver, which is not free from difficulty. It is the policy of the law, as we all know, that a family allowance and setting apart of homestead are looked upon with favor under the law. A waiver of that right must appear in clear language. Because of those two rules I am constrained to believe that the agreement presented here does not waive that right.

"The agreement is evidently drawn by a skilled attorney, and if it were designed to cut off the widow from the family allowance, homestead, a few words added there would have placed the question beyond a doubt. Those words do not appear and, therefore, it is my opinion, my ruling that the petition for termination of the family allowance which appears to have been made advisedly by the Court is denied. The petition for confirmation of the sale of the property presented is likewise denied. The petition for the setting apart as a homestead is granted for and during the pendency of the administration of the estate.

"Good arguments can be made both ways on it. Where there is any doubt about the question, reasonable or otherwise, I think that under the authorities that doubt should be made in favor of the right rather than a waiver of the right.

"I believe that's all we can do for you now."

The court found as a fact that "it is true that the language of said pre-nuptial agreement does not show that said parties thereto intended that said Myra B. Howe thereby waived her right to claim a probate homestead and a widow's allowance;

and it is true that said Myra B. Howe did not, by or through said pre-nuptial agreement waive her right either to a probate homestead or to a widow's allowance." Also that the property described as the homestead was the separate property of the deceased.

It is contended by appellant that "The only question presented by this Appeal, as it was the only question presented to the Court below, is whether or not by the pre-nuptial agreement Myra B. Howe waived her right to a probate homestead and to a family allowance."

The prenuptial agreement also contained the following language:

"That Whereas, the parties hereto are of full age and each is capable of entering into the marriage relation, and

"Whereas, the party of the first part is owned and possessed of a great deal of property and is engaged in a very lucrative business, and the party of the second part has very little property, and

"Whereas, the parties hereto are about to enter into the marriage relation, but each realizes that the intrusion of relatives sometimes wrecks a home and that controversies over property frequently work the same havoc, all of which the parties hereto desire to avoid, . . . ." And in that connection respondent argues, "So it is reasonable to suppose that Mr. and Mrs. Howe were desirous of preventing those undue intrusions of relatives and controversies over property which 'sometimes wrecks a *home*,' (emphasis supplied) rather than that they intended that Mrs. Howe surrender rights, such as probate homestead and family allowance, which could only arise upon the death of one of the parties."

The argument is without merit; there is no logical relation between the two subjects and the conclusion that the parties were more interested in the one than the other is unwarranted.

It is contended by respondent that the waiver of the rights involved herein, "must appear in clear language," and that such language is lacking in the agreement. Numerous cases are cited wherein such language as "clear and convincing evidence," "clear and decisive proof" and "clear and explicit language," appears. Although such expressions may be appropriate as used in the cases cited or in any case where an agreement becomes the subject of construction for the purpose of determining the intent of the parties, it does not follow that the quantum of evidence necessary to establish a

waiver is any different from that required to establish proof of any other fact. Nor is it necessary that the so-called waiver must appear in the instrument in any particular language or precisely and affirmatively. If it appears from the language used that a waiver is included, then necessarily it must be held to have been intended. In this connection it must be assumed from the very nature of things that the parties contemplated the existence of rights, obligations and liabilities that result by operation of law from the marriage and marital status. And this is especially true of homesteads and widow's allowances for neither exists in the absence of marriage. Obviously, the respondent could have no claim to either except as a widow. Nevertheless, the parties deliberately entered into an agreement to prevent them so far as the separate property of each is concerned.

The agreement declares that neither party should at *"any time"* claim *"any interest"* in the separate property of the other. It would be difficult, if indeed possible, to select simpler and more comprehensive words. They require no amplification; any time includes all time and any interest includes every interest. There is no need to be specific for the law never has demanded emphasis. The respondent's efforts to obtain the homestead therefore asserts a *"claim"* clearly foreclosed by the terms of the agreement. And the agreement being valid in every respect it must be upheld. (See *Estate of Yoell*, 164 Cal. 550 [129 P. 999] ; *Estate of Schwartz*, 79 Cal.App.2d 308 [179 P.2d 868].)

With regard to the widow's allowance the record on appeal is silent as to whether there was community property from which it could be paid. The parties were married about 13 years before the husband died and it therefore must be assumed that there was evidence to support the court's order to this extent.

For the foregoing reasons, the order awarding the probate homestead is reversed but affirmed as to the widow's allowance.

York, P. J., and White, J., concurred.

Respondent Howe's petition for a hearing by the Supreme Court was denied September 25, 1947. Traynor, J., and Spence, J., voted for a hearing.