Mildred Disch WILLIAMS, Appellant,

v.

ESTATE of William Wesley WILLIAMS, Sr., et al., Appellees.

No. 12511.

Court of Civil Appeals of Texas, Austin.

March 9, 1977.

Rehearing Denied March 30, 1977.

Charles G. Trenckmann, Austin, for appellant.

Malcolm Robinson, Karl H. Moeller, Hooper, Robinson & Moeller, Austin, William Wesley Ogden, Jr., Law Student, for appellees.

PHILLIPS, Chief Justice.

The question before this Court is whether a party can, by premarital contract, relinquish her right, as surviving spouse, to occupy the homestead, use its furnishings and use the family car.

The trial court held such a contract valid and binding on the appellant. We reverse this judgment and hold the contract to have no force and effect on appellant's constitutional and statutory rights in the properties.

The facts necessary to the disposition of this case are as follows. Appellant and William Wesley Williams executed a premarital agreement among the provisions of which appellant promised to relinquish her homestead right in the above-mentioned properties. The parties were married and Mr. Williams died four months later.

Appellant then decided to exercise her homestead rights in her deceased husband's home and also her statutory rights with respect to the furniture and the family car.

This suit was brought by the deceased's grown children, beneficiaries under his will, to evict appellant from the homestead and to gain possession of the furniture and car.

Vernon's Ann.Tex.Const. art. 16, § 52 (1955) restricts the partitioning of the homestead among the heirs of the deceased during the lifetime of the surviving husband or wife, for so long as the survivor may elect to use or occupy the same as a homestead.

It is undisputed that the automobile and household furnishings here in controversy are exempt property within the meaning of Tex.Rev.Civ.Stat.Ann. art. 3836 (1966) and constitute homestead property.

There are no cases in Texas involving the validity of premarital contracts waiving the surviving spouse's right to the homestead. This question has been decided in other states, although there is a division of authority thereon.

The courts of Kansas prohibit such agreements on the basis that the surviving spouse's homestead rights were superior to any right granted or denied in premarital contracts. *Boulls v. Boulls,* 137 Kan. 880, 22 P.2d 465 (1933); *Hoard v. Jones,* 119 Kan. 138, 237 P. 888 (1925); *Watson v. Watson,* 106 Kan. 693, 189 P. 949 (1920); *In re Neis' Estate,* 170 Kan. 254, 225 P.2d 110 (1950). The courts of North Dakota and Vermont hold that the homestead right cannot be waived, even by antenuptial agreement prior to the appropriate time for claiming it. See *Swingle v. Swingle,* 36 N.D. 611, 162 N.W. 912 (1917), and *Mann v. Mann's Estate,* 53 Vt. 48 (1880). North Dakota also holds that antenuptial agreements waiving or relinquishing homestead rights are void as against public policy. For states that allow the surviving spouse to waive homestead rights under the facts of this case, see *In re Moore's Estate,* 210 Or. 23, 307 P.2d 483, mandate recalled 210 Or. 23, 308 P.2d 180 (1957); *In re Appleby's Estate,* 100 Minn. 408, 111 N.W. 305 (1907); *In re Devoe's Estate,* 113 Iowa 4, 84 N.W. 923 (1901); *In re Howe's Estate,* 81 Cal.App.2d 95, 183 P.2d 329 (1947); and *Colbert v. Rings,* 231 Ill. 404, 83 N.E. 274 (1907).

Texas, by law, permits certain premarital agreements.[1] In addition, the doctrine of waiver is generally applicable to all rights or privileges to which a person is legally entitled whether secured by contract, conferred by statute or guaranteed by the Constitution.[2] However, in Texas, in order to waive a right, such right or privilege must be in existence at the time of the waiver. See *Payne v. Beaumont,* 245 S.W. 94 (Tex.Civ.App.1922, writ ref.); *Aetna Life Insurance Co. v. Eilers,* 367 S.W.2d 732 (Tex.Civ.App.1963, writ ref.); and *Pennzoil v. Socony Mobil Oil Co.,* 421 S.W.2d 416 (Tex.Civ.App.1967, no writ). A person cannot waive a right before being in a position to assert it. *King v. Lacy,* 17 S.W. 143 (Tex.Civ.App.1891); *Staples v. Railroad Commission,* 358 S.W.2d 706 (Tex.Civ.App. 1962, writ ref. n. r. e.).

The homestead right in a survivor does not exist until the death of one of the spouses. Vernon's Ann.Tex.Const. art. 16, § 52 (1955). Consequently, the premarital contract here allegedly waiving appellant's homestead rights is unenforceable because it purports to waive a right not then in existence.

The judgment of the trial court is reversed and judgment here rendered that appellees take nothing by their suit and that appellant has homestead and statutory rights in the residence, its furnishings and the car.

---

1. Tex.Family Code Ann. § 5.41 (1975).

2. *Zurich General Accident & Liability Insurance Co. v. Fort Worth Laundry Co.,* 63 S.W.2d 236 (Tex.Civ.App.1933, no writ).